# Barfield *v.* Barfield.

### *Action in Trover.*

1. *Divorce; marriage of wife after divorce void unless authorized by decree.*—Where, upon a bill filed by a husband asking for a divorce from his wife, a decree is rendered granting said divorce and allowing the husband to re-marry, but the right to re-marry is not granted to the wife, and there is no subsequent decretal order allowing such re-marriage, a subsequent marriage by the former wife is absolutely void.

2. *Same; void marriage confers no right in wife to property of husband.*—Where, by neither a decree of divorce nor subsequent decretal order, the wife from whom the divorce is granted, is allowed to re-marry, the· subsequent marriage of such former wife is void, and confers no right upon her in the property of the estate of her last husband.

APPEAL from the. Circuit Court of Houston.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of trover, brought by the appellant, Mrs. Emma Louisa Barfield, against the appellee, John Barfield, to recover. damages for the alleged wrongful conversion of personal property which constituted a part of the estate of W. M. Barfield, deceased. The defendant pleaded the general issue.

The cause was tried upon an agreed statement of facts, which disclosed the following facts: The plaintiff in this case was formerly the wife of one Henry Sellers, having been married to him and resided with him as his wife in Henry county, Alabama. Seventeen years before the institution of the suit, Henry Sellers obtained a decree of divorce from the plaintiff out of the chancery

[Barfield v. Barfield.]

court of Henry county. It was recited in the decree that the divorce was granted to Henry Sellers on account of the adultery of his then wife, and it was ordered that Henry Sellers could again marry. Shortly after the rendition of this decree Henry Sellers married again, and was living at the time of the institution of the present suit. Eleven or twelve years prior to the institution of the present suit, the plaintiff in this case was married to W. M. Barfield; a license having been regularly issued therefor. At the time of this marriage Barfield was a widower with several children. The defendant in the present suit was one of the children of W. M. Barfield, by his first wife. After the marriage with said W. M. Barfield, the plaintiff continued to live with him as his wife, up to the time of his death in 1902. In the summer or early fall of 1902, W. M. Barfield died, leaving surviving him the plaintiff in the present suit and five children born of his marriage with her, and the several children by his first wife. At the time of the death of W. M. Barfield, the plaintiff, with her children, were living with him upon their homestead, composed of 80 acres of land. The personal property of his estate was worth less than one thousand dollars. The property involved in the present suit was a part of the personal property of said Barfield.

Upon the agreed statement of facts the court gave the general affirmative charge in favor of the defendant, and refused to give the general affirmative charge for the plaintiff. To each of these rulings the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge in favor of the defendant, and the refusal to give the general affirmative charge in favor of the plaintiff.

R. H. WALKER, for appellant.—When Sellers, appellant's first husband, obtained a divorce from appellant, it released her, and she could marry again under the laws of Alabama. The presumption obtains in the absence of proof, that the chancellor did his duty under the

[Barfield v. Barfield.]

statute and removed her disabilities, if she had any. When Sellers re-married after he obtained a divorce from appellant, it removed all marital restraint from over appellant, and under public policy, which encourages marriages, she would be competent to marry again. See 2 Bishop on Marriage and Divorce, 700, 704; 1 Bishop on Marriage and Divorce, 306; Blackstone's Commentaries, 354; Shelly on Marriage and Divorce, 192 and 193; *Fuller v. Fuller*, 40 Ala. 306.

R. D. CRAWFORD and ESPY & FARMER, *contra.*—The marriage of the plaintiff with Barfield was bigamous and absolutely void.—Code, §§ 4406-4407; it was also in violation of section 1488 of the Code.

McCLELLAN, C. J.—There can be no doubt that plaintiff's marriage with Barfield was against the prohibition and subjected her to the penalty provided by section 4406 of the Code. She, in other words, was guilty of a felony in entering into the marriage with Barfield. The man Sellers was alive when she married Barfield—is yet, for that matter—and then was her *former* husband within the letter and meaning of the statute; and the fact that he had obtained decree of divorce from her, which provided for his marrying again, and that he had remarried prior to her marriage to Barfield constitutes no defense to her; the decree in question, while dissolving the bonds of matrimony between her and Sellers, not having provided that she could marry again. Her case is not within the exception provided in section 4407 to the operation of section 4406, and the provision of the exception in section 4407 demonstrates, if anything further were needed to that end, that her marriage to Barfield was within the inhibition and subjected her to the penalty of section 4406 of the Code.

The effect and operation of the provision on this subject in section 1488 of the Code, is to prohibit husband and wife against whom divorce is decreed from marrying again unless the decree, or a subsequent decretal order allows such remarriage. Section 4406 declares it a fel-

[Ely v. Pace *et al.*]

ony for such party to marry in the absence—section 4407 —of a direction in the decree or in a subsequent decretal order that he or she may marry again. In this case the divorce was decreed against this plaintiff. The decree of divorce did not direct that she might marry again. No such direction has been made by any subsequent order of the court. Her subsequent marriage to Barfield was unquestionably *void*. She did not become his wife and was not his wife at the time of his death. She was, therefore, not entitled to dower, or to homestead and personal exemptions as his widow, and she had no title to the property of Barfield's estate for the alleged conversion of which this action is brought.

The hardships of the application of these principles of law under the facts in this case are great and grievous indeed, but we, of course, cannot look to them. *Ita lex scripta est.*

The circuit court properly gave the general charge for the defendant.

Affirmed.

SHARPE, J., *dissenting.*