## WILLIAMS *et al.* v. CHILDERS *et al.*

Where a bill of exceptions is sued out to review a judgment refusing an interlocutory injunction, which affirmatively discloses that it does not contain all the evidence introduced at the trial, and that material parts of the evidence are not contained therein, and where such omitted evidence is not before this court, the bill of exceptions will be dismissed, where the correctness of the judgment sought to be reviewed is dependent on the evidence.

　　　　　　　　　　　APRIL 13, 1916.

　　Petition for injunction; from Catoosa superior court.

*J. R. Johnston*, for plaintiffs. *Rosser & Shaw*, for defendants.

　　EVANS, P. J. Certain citizens and taxpayers of the Wood Station subschool district of Catoosa county filed a petition against the board of trustees of that district, the county school commissioner, and the tax-collector, to enjoin them from collecting a tax claimed to have been authorized by virtue of an election under the Civil Code (1910), § 1535, providing for local taxation by school districts for the support of public schools. The ground of attack was that the board of education had not complied with the provisions of the law with reference to laying out the county into

school districts and making a map of the same as laid out, and filing it with the ordinary of the county. The election authorizing the levy of the special tax was attacked as invalid, because the notices of election were illegible, and were not posted in three conspicuous places. The defendants in their answer denied the substantial allegations of the petition. An interlocutory hearing was had, and at that hearing the court refused an ad interim injunction. The plaintiffs sued out a bill of exceptions, and therein recited that the evidence showed certain facts, which were stated, and that after hearing the evidence the court rendered the following judgment: "After hearing the evidence in this matter, the minute book etc. of C. S. C. being in evidence, it is ordered by the court that the injunction be and it is refused and declined." The judge certified the bill of exceptions to be true, and on the same day gave another certificate requiring copies of all affidavits used on the trial, original notices of the election, and the map of the county to be sent up as a part of the record in the case. He also gave an additional certificate that 17 affidavits and two notices of election, marked "exhibit A," were the original affidavits and notices introduced in evidence at the hearing for injunction. These certificates were entered upon the bill of exceptions. He also gave another certificate that the map attached to it was the county map introduced on the hearing for injunction. In the transcript of the record, under certificate of the clerk, appear certain unidentified affidavits, which contain no entry of filing.

Affidavits submitted on the hearing should be incorporated in the bill of exceptions to review the refusal of an interlocutory injunction, or be attached as exhibits thereto, duly and properly identified, or be embodied in an approved brief of the evidence, brought up as a part of the record. Where neither of these methods is adopted, but copies of affidavits are sent up as part of the record for the reason that the trial judge, subsequently to the certification and filing of the bill of exceptions, gave a general certificate that "seventeen affidavits were submitted on the hearing," such affidavits have not been brought to this court in the manner prescribed by law, and therefore they can not be considered. As the correctness of the judgment under review involves a consideration of the evidence, no adjudication thereon can be had. *Eubank* v. *Eastman,* 120 *Ga.* 1048 (48 S. E. 426). The law does not per-

mit the presiding judge, where there is no brief of evidence on file, to declare that some evidence has been omitted from the bill of exceptions, describe it in general terms, and leave the clerk to find and identify the evidence as that introduced, and send it to this court. *Maloy* v. *Maloy,* 134 *Ga.* 432 (4), 440 (68 S. E. 80). It affirmatively appearing that other material evidence than that contained in the bill of exceptions was considered by the court, and this evidence not being before the court in the manner prescribed by law, and it being impossible to determine the correctness of the judgment under review without a consideration .of all the evidence, the writ of error will be

<div align="center">

*Dismissed.   All the Justices concur.*