(No. 11910.—Judgment affirmed.)

MARY POWELL, Appellee, *vs.* EDWARD A. POWELL, Appellant.

*Opinion filed February 20, 1918.*

SEPARATE MAINTENANCE—*when marriage in Illinois is not void under section 1a of the Divorce act.* A divorce obtained in another State on charges of "cruel and inhuman treatment" and unfaithfulness to marriage vows, which do not amount to physical violence, adultery or any of the causes mentioned in section 1 of the Divorce act of this State, will not render a subsequent marriage in Illinois within two months void under section 1a of the act.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

HOMER K. GALPIN, and SAMUEL G. HAMBLEN, for appellant.

JOHN E. CRAHEN, and POLLOCK, RAINEY & LIVINGSTON, (JOHN M. POLLOCK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Mary Powell began a suit in the circuit court of Cook county for separate maintenance against Edward A. Powell, who answered her bill and filed a cross-bill charging that his marriage to the complainant, which occurred in Illinois on August 21, 1911, was void because only two months before, on June 22, 1911, he had been divorced by a decree of the circuit court of Marion county, Indiana, from Elizabeth Powell for cruelty, and praying that the subsequent marriage to Mary Powell be declared void. An answer was filed to the cross-bill, the cause was heard, a decree was rendered dismissing the cross-bill and giving to the complainant in the original bill relief by way of separate maintenance, and Edward A. Powell appealed. The Appellate Court affirmed the decree and granted a certificate of importance and appeal to this court.

The parties were under no disability to contract the marriage unless the divorce of the appellant created such disability. Section 1a of the act in relation to divorce provides that in every case in which a divorce has been granted for any of the causes mentioned in section 1 of that act neither party shall marry again within one year from the time the decree was granted, and that when a divorce is granted for adultery the guilty party shall not marry for two years from the time the decree was granted, and that every person marrying contrary to these provisions shall be punished by imprisonment in the penitentiary and the marriage shall be held void. The record of the Indiana divorce was introduced in evidence and does not show that the divorce was granted for any of the causes mentioned in section 1 of the act in relation to divorce. The charge was that the appellant had been guilty of cruel and inhuman treatment of his wife, in that for a period of more than

eight years he had repeatedly associated with other women and been unfaithful to his marriage vows over the protest and against the wishes of his wife; that he had frequently received letters and telephone messages from other women and taken women with him on trips when his business called him from home, refusing to heed his wife's protests, and as a result causing her great humiliation and mental and physical suffering and distress. The only finding of the court was that the allegations of the cross-complainant against the appellant were true. There was neither charge nor finding that the appellant was guilty of adultery, or that he was guilty of any act of physical violence, which is essential to a decree of divorce in this State on the ground of extreme and repeated cruelty. The divorce, therefore, was not granted for any of the causes mentioned in section 1 of the act in relation to divorce, and was therefore not within the terms of section 1a of that act. The marriage of the appellant and the appellee was not affected by that section, and the Uniform Marriage Evasion act could not affect it, because the latter act was not passed until 1915.

It is argued on behalf of the appellant that the separation was the fault of the appellee, and that the decree is not sustained by the evidence. The testimony was conflicting, but that which was offered on behalf of the appellee was amply sufficient to sustain the decree. The trial was in open court, and it was for the court which heard them to determine which of the witnesses were more worthy of belief. We cannot say that the finding is contrary to the weight of the evidence.

Some minor objections were made to the admission and rejection of evidence, but they are not of such a character as could have affected the final decree upon the evidence properly admitted.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*