(97 South. 230)

### Ex parte STATE ex rel. ATTY. GEN.

### VANCE v. STATE.

### (7 Div. 393.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied May 31, 1923.)

Bigamy ☞2—Marriage to another within 60 days after divorce is bigamy; "privilege of marrying again."

Marriage of a divorced person to another than the divorced spouse, within the 60 days within which such remarriage is prohibited by Code 1907, § 3811, and a divorce decree following it, constitutes bigamy under section 6389; for, in section 6390, excepting the case of one who has obtained a divorce decree allowing the "privilege of marrying again," the words "privilege of marrying again" mean after the time permitted by section 3811.

Certiorari to Court of Appeals.

Clifton Vance was convicted of bigamy, and the judgment of his conviction being reversed by the Court of Appeals, the State, on the relation of its Attorney General, applies for certiorari to that court to review and revise the judgment and decision in the case of Clifton Vance v. State of Alabama, 19 Ala. App. 352, 97 South. 231. Writ awarded; reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

The statute and decree prohibited remarriage within 60 days from the rendition of the decree; defendant's marriage in violation thereof constituted bigamy. Code 1907, §§ 3811, 6389, 6390; 7 C. J. 1162; Barfield v. Barfield, 139 Ala. 290, 35 South. 884; People v. Faber, 92 N. Y. 146, 44 Am. Rep. 357; Park v. Barron, 20 Ga. 702, 65 Am. Dec. 641; Com. v. Lane, 113 Mass. 458, 18 Am. Rep. 509; Crawford v. State, 73 Miss. 172, 18 South. 848, 35 L. R. A. 224; Evans v. Evans, 200 Ala. 329, 76 South. 95.

Graves Embry, of Talladega, and Allen & McEwen, of Birmingham, opposed.

A decree of divorce having been granted by a court of competent jurisdiction, the parties thereto are no longer married to each other, although terms and conditions may be imposed in the same decree upon either or both parties. Crawford v. State, 73 Miss. 172, 18 South. 848, 35 L. R. A. 224.

MILLER, J. The appellant, Clifton Vance, was convicted of bigamy—marrying another having a former wife living at the time—under section 6389, Code 1907.

The provisions of section 6390 do not apply to any person who prior to such second marriage had procured a decree from a court of competent jurisdiction, dissolving his or her former marriage and allowing him or her the privilege of marrying again. Section 6390, Code 1907.

Section 3811, Code 1907, provides:

"When a decree has been rendered granting a divorce in this state, the court shall decree that neither party shall again marry except to each other until sixty days after decree rendered, and that if an appeal is taken within sixty days, neither party shall again marry except to each other during the pendency of said appeal."

This defendant, appellant, married Minnie Vance about nine years ago; she is still living. On December 2, 1922, he obtained a divorce from her by decree of the circuit court of Jefferson county, in equity, which decree dissolved their former marriage. This was a court of competent jurisdiction to render such decree. Section 3793, Code 1907. This decree ordered that Harvey Clifton Vance "shall not marry again except to said Minnie Vance until sixty days after this date, and if an appeal is taken within sixty days, then he shall not marry again except to said Minnie Vance during the pendency of said appeal."

If he remarried his former wife, Minnie Vance, within the 60 days, this would eo instanti nullify the appeal if taken, or the right to take it by her; but his marriage to another within the 60 days would have no such effect on the appeal. It would in no way affect the appeal or the right to appeal by his former wife. On December 24, 1921, less than 60 days after the decree of divorce was rendered, the defendant married Pernie Baker in Talladega county, Ala., and lived with her as his wife until arrested for the offense charged in this indictment.

The statute, section 3811, specially directs the court granting the divorce to decree that neither party shall marry, except each other, until 60 days after the decree is rendered, and that if an appeal is taken within the 60 days neither party shall marry again except each other during the pendency of the appeal.

This defendant remarried within 60 days after the decree was rendered; he did not remarry his former wife, as permitted by the decree and the statute, so he violated the decree and the statute. The statute, section 3811, and the decree prohibited the remar-

---

riage to another—other than his former wife—during the 60 days. This statute [3811] must be read and construed in connection with section 6390. It is true section 6390 provides a defendant cannot be convicted of bigamy if he had prior to such second marriage procured a decree from a court of competent jurisdiction, dissolving his or her former marriage, and allowing him or her the privilege of marrying again. In the instant case a court of competent jurisdiction had granted a decree of divorce, dissolving the former marriage of defendant and Minnie Vance, and allowed him the privilege of marrying again; but such decree was in accordance with the statute, and he was not to marry again within a designated time. The court had no authority to permit him to marry again except as prescribed by section 3811 of the Code of 1907. The words, "the privilege of marrying again," as they appear in section 6390, must be declared to mean after the time permitted by the statute, as provided in section 3811 of the Civil Code 1907. Section 3811, and this decree written under it, prohibited the defendant from remarrying another, other than his former wife, within the designated time, and if he remarried within that time in violation of the statute and the decree then such remarriage is bigamy. Barfield v. Barfield, 139 Ala. 290, 35 South. 884. The decree of divorce is inoperative until 60 days after it was rendered, and if an appeal from it was taken within the 60 days it was inoperative until the appeal was dismissed or affirmed. Section 3811, 6389, 6390, Code 1907; Barfield v. Barfield, 139 Ala. 290, 35 South. 884; 7 C. J. 1162, § 14, headnote 73; Crawford v. State, 73 Miss. 172, 18 South. 848, 35 L. R. A. 224.

The statute (section 3811) must be obeyed and the decrees of the courts rendered under it must be respected. The hardships of this case may be great, and it may call for executive clemency; but the courts must declare the law as it is written and as intended by the Legislature.

The trial court properly excluded the certified copy of this decree of divorce from the consideration of the jury. It did not justify the defendant in marrying on December 2, 1921, Pernie Baker; the statute and decree prohibited him from marrying her at that time.

The petition for certiorari to the Court of Appeals is granted, and the cause reversed and remanded to the Court of Appeals for further consideration in accordance with this opinion.

Writ awarded, reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

THOMAS, J., not sitting.