(108 So. 573)

## GULF STATES STEEL CO. v. WITHERSPOON. (6 Div. 677.)

(Supreme Court of Alabama. May 27, 1926.)

1. Master and servant ⟐⟐393—Marriage of employee's widow to one not allowed to remarry by divorce decree was nullity, and did not work discontinuance of compensation (Code 1923, §§ 3440, 3441, 7410, 7425, 7564).

Second marriage of employee's widow to one who was not allowed to remarry by divorce decree obtained by his former wife, or any subsequent decree, was a nullity, under Code 1923, §§ 3440, 3441, 7410, 7425, and hence did not work discontinuance of compensation under section 7564.

2. Master and servant ⟐⟐393—That employee's widow was guiltless of moral wrong in marrying one under disability does not affect her legal status as dependent (Workmen's Compensation Act [Laws 1919, p. 206]).

Whether deceased employee's widow was guilty of wrong intent in marrying one not allowed to remarry by decree of divorce from former wife, or any subsequent decree, does not affect her legal status as dependent under Workmen's Compensation Act.

Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition of the Gulf States Steel Company for certiorari to the circuit court of Jefferson county to review the judgment of that court in a proceeding under the Workmen's Compensation Act by Cornelia Witherspoon against the petitioner. Affirmed.

B. F. Smith, of Birmingham, for appellant.

Compensation ceases upon the death or marriage of the dependent. Code 1923, § 7564.

London, Yancey & Brower, Smyer & Smyer, and Frank Bainbridge, all of Birmingham, for appellee.

The subsequent marriage of a divorced person is null and void, in absence of a decree giving such person the right to remarry. Code 1923, §§ 7410, 7425; Barfield v. Barfield, 139 Ala. 290, 35 So. 884; Evans v. Evans, 200 Ala. 329, 76 So. 95.

SAYRE, J. Appellant, after judgment rendered in favor of appellee on her petition for compensation under the Workmen's Compensation Act (Laws 1919, p. 206), made its motion that further compensation be denied appellee on the ground that, since the award to her, she had contracted marriage with one James Rowe. The motion was overruled.

[1, 2] Appellee's compensation would have ceased on her marriage. Code, § 7564. But she denied her marriage to Rowe. She admitted that she had gone through a ceremonial marriage under license from the probate court, and had lived with Rowe as his wife.

But she further insisted, and the proof sustained her insistence, that her marriage with Rowe was unlawful, because he was under disability to contract marriage, and that her relation with him had been discontinued. Rowe's disability arose out of the fact that a former wife, still living, had procured a decree of divorce from him, and that neither by the decree of divorce nor by any subsequent decree had he been allowed to marry again. Appellee's second marriage, so to speak, was a nullity. Code, §§ 7410, 7425, 3440, 3441; Barfield v. Barfield, 139 Ala. 290, 35 So. 884; Evans v. Evans, 200 Ala. 329, 76 So. 95; Vance v. State, 210 Ala. 9, 97 So. 230. It may be noted, as affecting the moral aspect of the case, that' appellee appears to have been innocent of any wrong intent in marrying Rowe. That, however, does not affect in any way her legal status as declared by statute and the decisions of this court. Appellee has not contracted lawful marriage since the award of compensation to her on account of the death of her former husband. She has now no one on whom she may lawfully depend, and was properly decreed to continue in the receipt of the compensation allowed by the court.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.