6 So.2d 446

**BRAND et al. v. STATE.**

8 Div. 125.

Supreme Court of Alabama.
June 5, 1941.

Rehearing Denied Oct. 23, 1941.

Thos. S. Lawson, Atty. Gen., and W. M. McQueen, Asst. Atty. Gen., for the petition. J. Foy Guin, of Russellville, opposed.

THOMAS, Justice.

■ The case is not governed by the general rule announced in Smith v. Goldsmith et al., 223 Ala. 155, 134 So. 651, that the validity of the marriage is determined by the law of the place where contracted.

The state thus states the true contention: "* * * that the law which governs this case is the provisions of Section 7425 of Code of 1923 [Code 1940, Tit. 34, § 38] and the interpretation placed thereon by the appellate courts of this State. Section 7425 of the Code reads as follows:

"'7425. Rights of parties to remarry after divorce.—When a decree has been rendered granting a divorce in this state, the court shall decree that neither party shall again marry except to each other until sixty days after decree rendered, and that if an appeal is taken within sixty days, neither party shall again marry except to each other during the pendency of said appeal.'

"In compliance with the provisions of the above section, the Law & Equity Court of Franklin County, in the divorce decrees entered by it, decreed that the parties to the divorce could not again marry, except to each other, until sixty days after the rendition of the decree, and that if an appeal was taken from the decree within sixty days, then neither of the parties could again marry, except to each other, during the pendency of the appeal."

In disobedience to and in disregard of these decrees, the defendants on the day after the decrees were entered, for the purpose of evading the laws of the State of Alabama, went into the State of Mississippi and attempted to change husbands and wives by being married in that state.

In Vance v. State, 210 Ala. 9, 97 So. 230, this court has indicated the force and effect of Section 7425, Code 1923, and held that

Vance was guilty of bigamy due to the fact that he contracted marriage in disregard of a decree similar to the decrees entered by the Law and Equity Court of Franklin County in this case. It is therein said: "The decree of divorce is inoperative until 60 days after it was rendered, and if an appeal from it was taken within the 60 days it was inoperative until the appeal was dismissed or affirmed. Section 3811, 6389, 6390, Code 1907; Barfield v. Barfield, 139 Ala. 290, 35 So. 884; 7 C.J. 1162, § 14, headnote 73; Crawford v. State, 73 Miss. 172, 18 So. 848, 35 L.R.A. 224."

■ From the above case, divorce decrees entered by the courts of this state are held to be inoperative for a period of sixty days after they are rendered. If an appeal is taken, they are inoperative during pendency of appeal. The commonly-understood meaning of the word "inoperative" is that a thing is not in effect.

■ It is a well-known rule of law that the judgments and decrees of the courts of this state rest in the breasts of the courts for a period of thirty days, and at any time during this thirty-day period the court may set aside and vacate its judgments and decrees. This is what was done in the Law and Equity Court of Franklin County. On March 23, 1939, the judge of said court, *on his own motion, set aside and held for naught the divorce decrees entered by him on February 22, 1939, affecting these defendants.* There was a mandamus filed by Johnson against the judge seeking to have him set aside his decree vacating these divorce decrees; and in Ex parte Johnson, 238 Ala. 584, 192 So. 508, this court held that the judge of the Law and Equity Court of Franklin County was within his right in setting aside these divorce decrees, since these decrees were in the breast of the court for a period of thirty days from date of rendition.

The Court of Appeals, by its opinion in this case, apparently takes the position that this prosecution is for the purpose of prosecuting these parties for marrying in the State of Mississippi. Such is not the case. The prosecution in this case is for a man and woman cohabiting as man and wife within the State of Alabama when each has another living husband or wife. In this regard, it is apparent that the decision of the Court of Appeals in this case is in conflict with the decision of this court in Ex parte Johnson, supra. That case recognized and sustained the rule that decrees

of the courts of this state may be set aside by the judge granting such decrees within thirty days after they are rendered, and did not recognize the marriage celebrated by these parties in Mississippi, as such action would not have upheld the action of the Law and Equity Court of Franklin County in setting aside the divorce decrees formerly entered.

In the Johnson case, supra, this court did not recognize the Mississippi marriage in question, as heretofore stated, but on the other hand, the Court of Appeals held that the marriage was legal in Mississippi and was likewise legal in Alabama, and that these parties were not guilty of bigamy when they returned to Alabama and cohabited as man and wife.

In First National Bank v. Garrison, 235 Ala. 687, 180 So. 690, this court held that a person who acted under a decree of a court in this jurisdiction within thirty days therefrom, did so at his own risk. Such is the misfortune of these defendants, by going into the State of Mississippi within the thirty-day period from rendition of the divorce decrees and there marrying and returning to Alabama, where they lived as man and wife. They did so at their own risk, and it results that they were guilty of bigamy by so doing under the law that obtains in Alabama.

The Court of Appeals, as we take it, based its opinion on the case of Smith v. Goldsmith, 223 Ala. 155, 134 So. 651, 652, but as heretofore stated, that case is not in point, as the sixty-day period, prescribed by Section 7425, Code of 1923, and the thirty-day period in which decrees of courts rest in the breasts of the courts, were not there considered, and no public policy of the state was presented. In the Goldsmith case, supra, it is stated that there are exceptions to the general rule laid down, the same being as stated in 38 Corpus Juris, p. 1276, as follows:

"The general rule is that the validity of a marriage is determined by the law of the place where it is contracted; if valid there it will be held valid everywhere, and conversely if invalid by the lex loci contractus, it will be held invalid wherever the question may arise. An exception to the general rule, however, is ordinarily made in the case of marriages repugnant to the public policy of the domicile of the parties, in respect of polygamy, incest, or miscegenation, or otherwise contrary to its positive laws.

"*Evasion.* The fact that the parties to the marriage left their domicile for the purpose of evading its laws does not alter the general rule, *unless a statute expressly* provides to the contrary." (Italics supplied.)

We have indicated the statute of this jurisdiction to the contrary. Code of 1923, § 7425.

We conclude with the observation that the opinion of the Court of Appeals in this case is not in accord with the decisions of this court in the case of Osoinach et al. v. Watkins et al., 235 Ala. 564, 180 So. 577, 580, 117 A.L.R. 179. In said case Dr. Watkins married Viola Watkins, who at the time of the marriage was Viola Chapman, the widow of Dr. Watkins' uncle. This court held the marriage void in that it was an incestuous marriage in violation of that part of Section 8991 of the Code of 1923, Code 1940, Tit. 34, § 1, which prohibits the son from marrying his uncle's widow. The marriage in the Watkins case took place in the State of Georgia, where it was legal for a man to marry his uncle's widow. However, in the Watkins case, as in the case at bar, the parties to the marriage returned to the State of Alabama and cohabited as man and wife, and the following rule was therein laid down:

"'The general rule is that validity of a marriage is determined by the law of the place where it was contracted; if valid there it will be held valid everywhere, and conversely if invalid by the lex loci contractus, it will be held invalid wherever the question may arise. An exception to the general rule, however, is ordinarily made in the case of marriages repugnant to the public policy of the domicile of the parties * * * *or otherwise contrary to its positive laws.'* * * *

"The Legislature is fully competent to declare what marriages shall be void in its own state, notwithstanding their validity in the state where celebrated, whether contracted between parties who were in good faith domiciled in the state where the ceremony was performed, or between parties who left the state of domicile for the purpose of avoiding its statute, when they come or return to the state. Pennegar and Haney v. State, supra. This right in the Legislature is generally conceded by all the courts which have pronounced upon the subject. Van Voorhis v. Brintnall, 86 N.Y. 18, 40 Am.Rep. 505; State v. Shattuck, 69 Vt. 403, 38 A. 81, 40 L.R.A. 428, 60 Am.St. Rep. 936; Lanham v. Lanham, 136 Wis.

360, 117 N.W. 787, 17 L.R.A.,N.S., 804, 128 Am.St.Rep. 1085. (Pennegar and Haney v. State, supra, 87 Tenn. 244, 10 S.W. 305, 2 L.R.A. 703, 10 Am.St.Rep. 648) [Parenthesis supplied.]

"We conclude that the marriage of Dr. Watkins to Mrs. Viola Watkins, though consummated in the State of Georgia, and legal in that state, was prohibited by positive statutes of this state, sections 8991 and 4522, Code of 1923 [Code 1940, Tit. 34, § 1; tit. 14, § 325]; that their subsequent cohabitation in this state was unlawful, and subjected them to indictment, and conviction of a felony, punishable by imprisonment in the penitentiary of this state for a period from one to seven years. We are also of the opinion and so conclude that said sections 8991 and 4522 express unmistakably the decided state policy not to sanction or give effect to a marriage between persons within the degree of relationship declared therein to be incestuous and void, no matter where such marriage may have been contracted. Such a marriage must be pronounced void ab initio."

■ The case at bar is on all fours with the Watkins case. The Legislature has provided by Section 7425, Code of 1923, that persons who are granted divorces by the courts of this state shall not again marry, except to each other, for a period of sixty days. It will be noted from the language of this section that it is mandatory for this inhibition to be in all divorce decrees. The courts of this State have repeatedly held that *marriages within this state in disregard of this statutory inhibition are void.* Barfield v. Barfield, 139 Ala. 290, 35 So. 884; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552.

It follows that the marriages between these parties, consummated in Mississippi, even if legal there, are prohibited by statute in Alabama by Code of 1923, § 7425; and the return of the parties and their cohabitation thereafter in Alabama was unlawful and subjected them to indictment, trial and conviction in this jurisdiction. Such was the effect of the decision in Osoinach v. Watkins, 235 Ala. 564, 180 So. 577, 117 A. L.R. 179.

Writ granted.

BOULDIN, BROWN, FOSTER, and LIVINGSTON, JJ., concur.

GARDNER, C. J., concurs specially.

GARDNER, Chief Justice (specially concurring).

I prefer to rest my concurrence upon that feature of the opinion considering the annulment by the trial court of the two divorce decrees for collusion and fraud upon the court, which action of the trial court was here approved in Ex parte Johnson, 238 Ala. 584, 192 So. 508. I consider this question as controlling and renders unnecessary consideration of the other matters discussed.

On Rehearing.

THOMAS, Justice.

The application for rehearing is considered by all the Justices except Mr. Justice KNIGHT, who is not sitting, and the same is overruled. Vance v. State, 210 Ala. 9, 97 So. 230; Gulf States Steel Co. v. Witherspoon, 214 Ala. 529, 108 So. 573; Harvey v. State, 31 Okl.Cr. 299, 238 P. 862, 51 A.L.R. 321, 323.

In Harvey v. State, 31 Okl.Cr. 299, 238 P. 862, 863, 51 A.L.R. 321, 323, on the many authorities therein cited, it is declared: "* * * It is generally held that the inhibition in a decree of divorce has no extraterritorial effect, and is enforceable only in the state where the decree is granted, and that outside of such state the marriage is generally treated as valid, although there is some division in the authorities. Where, however, the parties leave the state of their domicile and go into another state and marry, for the purpose of evading the law of the state of domicile, and forthwith return to the state of domicile, the marriage is generally held void in the state of domicile. Stull's Estate, 183 Pa. 625, 39 A. 16, 39 L. R.A. 539, 63 Am.St.Rep. 776; Com. v. Lane, 113 Mass. 458, 18 Am.Rep. 509; State v. Fenn, 47 Wash. 561, 92 P. 417, 17 L.R.A. (N.S.) 800; Powell v. Powell, 282 Ill. 357, 118 N.E. 786; Frame v. Thormann, 102 Wis. 653, 79 N.W. 39; Id., 176 U.S. 350, 20 S.Ct. 446, 44 L.Ed. 500; Vickers v. Faubion, Tex.Civ.App., 224 S.W. 803; Dimpfel v. Wilson, 107 Md. 329, 68 A. 561, 13 L.R.A. (N.S.) 1180, 15 Ann.Cas. 753; Green v. McDowell, 210 Mo.App. 517, 242 S. W. 168; note 32 A.L.R. 1116; Atkeson v. Sovereign Camp, W.O.W. supra [90 Okl. 154, 216 P. 467, 32 A.L.R. 1108]; Clark v. Barney, 24 Okl. 455, 103 P. 598." (Parenthesis supplied.)

See also treatment of the subject in 7 Am.Jur. p. 754, § 12, and the earlier deci-

sions of this court, which are adverted to in 32 A.L.R. pp. 1139 and 1140. Revert also to the annotations in 51 A.L.R. p. 321 et seq.

We also wish to note a controlling difference between the instant case and that of Smith v. Goldsmith et al., 223 Ala. 155, 134 So. 651, in that in the latter case the decree of the court had become fully operative at the time of the marriage in another state; whereas, in the instant case, the marriage occurred within the sixty-day period prohibited by the statute and the decree itself.

In the case of Vance v. State, 210 Ala. 9, 97 So. 230, it was said: "The decree of divorce is inoperative until 60 days after it was rendered, and if an appeal from it was taken within the 60 days it was inoperative until the appeal was dismissed or affirmed. * * *."

So that in this case, under that authority, the decree here in question was not operative and in full force as a decree of divorce, and therefore materially different from the situation in Smith v. Goldsmith, supra.

The statement of fact in Smith v. Goldsmith, supra, is to the effect that in 1924 the deceased married Bobbie Dublin in the State of Indiana and this second wife obtained a divorce in Alabama in March, 1926, on the ground of adultery; that the decree was silent as to defendant's right to remarry and no order was ever entered permitting deceased to remarry. The two former wives were still living and in August, 1926, deceased went with Irene Kennemer Smith, petitioner, into the State of Tennessee, where they were married after license was duly secured. They returned to Huntsville the same afternoon and continued to live together as man and wife to the day of his death in March, 1930, "petitioner being received and introduced as the wife of deceased during said time and recognized as such by the family of the deceased."

The application for rehearing is overruled.

GARDNER, C. J., and BOULDIN, BROWN, FOSTER, and LIVINGSTON, JJ., concur.