**SCHURINK v. UNITED STATES et al.**

**No. 12791.**

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1949.

Vincent F. Kilborn, John Earle Curry, Jr., Mobile, Ala., for appellant.

William G. Caffey, Jr., Asst. U. S. Atty., V. R. Jansen, Mobile, Ala., for appellee.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

Illa Routh Alley Schurink brought this suit against the United States under the National Service Life Insurance Act of

1940, as amended,[1] seeking recovery of the proceeds of two National Service Life Insurance policies issued on the life of Joseph Bluford Alley, deceased. Title 38 U.S.C.A. §§ 445, 801 et seq.

The United States answered and, by way of counterclaim, interpleaded Gertrude Rhodes Alley and Bluford Alley, mother and father of the insured. Thereafter, the United States and the interpleaded parties, as intervenors, joined in motions to dismiss the complaint, as amended, which motions were granted by the trial court and the complaint dismissed for failure to state a claim upon which relief could be granted.

The main question presented is whether, in order to state a cause of action for recovery under the policies of insurance in question, it was necessary for plaintiff to show herself to be the legal widow of the insured at the time of his death.

The material facts alleged reveal that appellant married the insured prior to his entry into the United States Army in 1943. After his induction, he was issued a National Service Life policy for $5,000, wherein he designated appellant as his sole beneficiary, and acknowledged her relationship as his wife. A short time later, he took out a similar and additional government life policy, also in the amount of $5,000, and in this latter policy he designated appellant as his principal beneficiary, and his mother as contingent beneficiary. Both policies were in full force and effect at the death of the insured from non-combat causes on August 9, 1945.

On July 19, 1945, twenty-one days before the death of the insured, appellant was granted a divorce from him by the Circuit Court of Mobile County, Alabama. As required by Alabama law, the decree of divorce sought and obtained by appellant from the insured, provided: "It is further ordered and decreed that the Complainant and the Defendant be and are hereby permitted to again contract marriage, subject to such provisions of the law as regulate the marriage of divorced persons but in no event before the expiration of *sixty days after the rendition of this decree.*" (Italics ours.)

After the death of the insured, appellant made application to the Veterans Administration for the proceeds of both policies of insurance. Her claim was denied and the claims of the intervenors were recognized, the mother as contingent beneficiary under one policy and both the mother and father, as statutory beneficiaries, under the other policy, being awarded the proceeds of the insurance.

We are of opinion the district court properly dismissed the complaint for failing to state a claim upon which relief could be granted. It becomes patent, from a careful consideration of both the express language and legislative history of the enactment that plaintiff, in order to show herself legally entitled to recover, must come clearly within a permitted class of statutory beneficiaries *on the date of death of the insured.* Title 38 U.S.C.A. § 802(g); Branch v. United States, D.C., 83 F.Supp. 641; Gehm v. United States, D.C., 83 F. Supp. 1003; United States v. Layton, D.C., 68 F.Supp. 24; Horsman v. United States, D.C., 68 F.Supp. 522; Castor v. United States, 8 Cir., 174 F.2d 481; Brown v. United States, D.C., 72 F.Supp. 153.

Title 38 U.S.C.A. § 802(g), expressly enumerates the various classes of beneficiaries to whom the insurance shall be *payable* at the insured's death, and is clear and unequivocal to the following effect: "The insurance *shall be payable only to a widow,* widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, *but only within the classes herein provided,* and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the

---

1. The amendments to the National Service Life Insurance Act here applicable are those through August 9, 1945, it being without dispute that the August 1, 1946, amendment does not apply, since these policies matured prior to the effective date of the latter amendment.

811

consent of such beneficiary or beneficiaries *but only within the classes herein provided.*" (Italics ours.)

 The words "payable" and "widow" in the first sentence of the above quoted statute do not refer to the status of the beneficiary at the time the policy of insurance is issued and the beneficiary designated, but are clearly applicable to the status of the beneficiary when the policy matures and becomes due and "payable" upon the death of the insured. Any other construction of this enactment would distort its common sense meaning and manifestly result in an absurdity, for no policy could be "payable" within the statutory definition until the policy matures at the insured's death, nor could an insured have a "widow" under the statute until after his decease. Moreover, after appellant obtained her divorce from the insured she did not remain his wife up until the time of his death so that she may now assume her desired status as his widow. Title 34, Sections 23 and 38, Code of Alabama 1940; Ex parte Jones, 249 Ala. 386, 31 So.2d 314; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198; Torme v. Torme, 251 Ala. 521, 38 So.2d 497; Alabama Pension Commission v. Morris, 242 Ala. 110, 4 So.2d 896.

As we understand the applicable Alabama law, the decree of divorce completely and finally dissolved the bonds of matrimony between appellant and the insured as of the date it was rendered, insofar as the responsibilities and duties incident to their marriage relationship was concerned, the only restriction being the prohibition against remarriage until sixty days after the divorce decree was rendered. While the Alabama Supreme Court has held a divorce decree inoperative for the duration of this statutory waiting period, we think it clear from the decisions that this rule was applied as a matter of public policy solely to the prohibition against remarriage, and is not applicable here so as to suspend the dissolution of the marriage relationship as between the parties during the sixty-day period, nor does it alter the fact that at the insured's death appellant was not his widow. Ex parte Jones, 249 Ala. 386, 31 So.2d 314; Cf. Vance v. State, 210 Ala. 9,

97 So. 230; Brand v. State, 242 Ala. 15, 6 So.2d 446; Barfield v. Barfield, 139 Ala. 290, 35 So. 884.

It follows that the judgment of the district court dismissing the complaint was correct, and the same is accordingly

Affirmed.