THOMPSON, Judge.
William Forrest Killough II (“William”) and Margaret Killough (“Margaret”) were married on November 22, 1979. Margaret filed for a divorce, and on September 6, 1996, the trial court entered an order that, among other things, divorced the parties and fashioned a property division. Margaret appealed. On appeal, Margaret asserted that the trial court had erred in fashioning a property division and alimony award. This court affirmed the decision of the trial court, without an opinion. Killough v. Killough (No. 2960363, July 25, 1997), 723 So.2d 112 (Ala.Civ.App.1997) (table). On May 8, 1998, the Supreme Court of Alabama reversed this court’s judgment, holding that this court erred in affirming the trial court’s award of $100,000 alimony in gross and in affirming the trial court’s refusal to reserve the issue of periodic alimony. Ex parte Killough, 728 So.2d 589 (Ala.1998). Following the supreme court’s decision, this court reversed the trial court’s judgment and remanded the case to the trial court. Killough v. Killough, 728 So.2d 592 (Ala.Civ.App.1999).
On remand, the trial court conducted another trial and received additional ore tenus evidence. On June 3, 1999, the trial court entered a new judgment. On June 30, 1999, Margaret filed a postjudgment motion. The record indicates that William died July 1, 1999, after Margaret had filed her postjudgment motion but before the trial court had ruled on that motion. On August 24, 1999, the trial court denied Margaret’s postjudgment motion. On September 30, 1999, Margaret appealed. On May 19, 2000, this court affirmed the decision of the trial court, without an opin *772 ion. Killough v. Killough (No. 2990009), 816 So.2d 112 (Ala.Civ.App.2000) (table).
On August 25, 1999, Sara Hearn Kil-lough Flowers, William’s daughter, petitioned the Talladega County Probate Court to probate a document purporting to be the last will of William Forrest Killough II. That document named Flowers as the executrix of the will. On September 21, 1999, William’s will was admitted to probate. Also on September 21, 1999, nine days before Margaret filed her notice of appeal from the trial court’s June 3, 1999, judgment, Margaret, as William’s purported surviving spouse, filed a petition in the probate court dissenting from the will and seeking to be awarded an elective share pursuant to § 43-8-70, Ala.Code 1975, the homestead allowance, the exempt property allowance, and the family allowance pursuant to §§ 43-8-110 through -113, Ala.Code 1975.
On June 1, 2001, Flowers filed a petition to remove the action to the Talladega Circuit Court; that petition was granted on June 6, 2001. Both Margaret and Flowers filed briefs in support of their positions with respect to Margaret and William’s marital status at the time of William’s death. On February 27, 2002, after hearing arguments of counsel and considering the parties’ briefs, the Talladega Circuit Court (hereinafter the “trial court”) entered an order finding that Margaret was not William’s surviving spouse and that she was not entitled to an elective share or statutory exemptions from William’s estate. Margaret appealed to the Supreme Court of Alabama which transferred the case to this court pursuant to § 12-2-7, Ala.Code 1975.
On appeal, Margaret argues that she was entitled to an elective share because, she contends, she was William’s wife at the time of his death. In support of her assertion that she is William’s surviving spouse, Margaret cites this court’s decision in Smith v. Smith, 601 So.2d 1032 (Ala.Civ.App.1992). In Smith, a judgment of divorce was entered on default in favor of the husband. The wife moved to set aside the default, arguing that she had not been properly served with notice of the application for default. The trial court held a hearing on the wife’s motion, and, at the end of the hearing, the trial judge indicated that the motion would be granted. Following the hearing, but before the trial court had entered its written order granting the wife’s motion, the husband died. The husband’s estate was substituted and the wife filed another motion seeking to have the default set aside. The administrator of the husband’s estate conceded that the wife had not been properly served with notice of the application for default. The trial court held another hearing and entered an order setting aside the divorce judgment. The estate appealed, and this court affirmed the decision of the trial court. Smith v. Smith, 601 So.2d at 1034. In doing so, this court determined that the wife’s action had not abated on the husband’s death because the divorce judgment affected property rights. Further, we concluded that the trial court had properly set aside the divorce judgment because the parties did not dispute that the proper notice requirements had not been met. Id.
The present case can be distinguished from Smith v. Smith, supra. Unlike the wife in Smith, supra, Margaret does not allege in this action, nor did she allege in her other two appeals to this court, that that portion of the trial court’s judgment divorcing the parties was entered in error. Margaret merely asserts that the trial court’s divorce judgment was insufficient to dissolve the parties marital status until she had exhausted the appel *773 late process. We find no merit in this assertion.
Further, we agree with the decision of the United States Court of Appeals for the Fifth Circuit in Schurink v. United States, 177 F.2d 809, 811 (5th Cir.1949), that a trial court’s divorce judgment “completely and finally” dissolves the marital relationship between husband and wife on the date of its entry, “insofar as the responsibilities and duties incident to their marriage relationship was concerned.”
In Schurink v. United States, supra, the appellant sought to be awarded the proceeds of her former husband’s life insurance policy derived from his service in the United States Armed Forces. Twenty-one days before the husband’s. death an Alabama Court issued a judgment divorcing the parties. The relevant statutes required the appellant to be the husband’s widow at the time of his death in order to qualify to receive the proceeds. The appellant did not attack the validity of the divorce judgment; rather, the appellant asserted that she was legally the deceased’s wife on the date of his death because of the statutory requirement that prohibits the parties from remarrying during the 60 days following the entry of the divorce decree. In affirming the trial court’s decision that the appellant was not the widow of the deceased, the Fifth Circuit Court of Appeals stated:
“As we understand the applicable Alabama law, the decree of divorce completely and finally dissolved the bonds of matrimony between appellant and the insured as of the date it was rendered, insofar as the responsibilities and duties incident to their marriage relationship was concerned, the only restriction being the prohibition against remarriage until sixty days after the divorce decree was rendered. While the Alabama Supreme Court has held a divorce decree inoperative for the duration of this statutory waiting period, we think it clear from the decisions that this rule was applied as a matter of public policy solely to the prohibition against remarriage, and is not applicable here so as to suspend the dissolution of the marriage relationship as between the parties during the sixty-day period, nor does it alter the fact that at the insured’s death appellant was not his widow. Ex parte Jones, 249 Ala. 386, 31 So.2d 314 [ (1947) ]; Cf. Vance v. State, 210 Ala. 9, 97 So. 230 [ (1923) ]; Brand v. State, 242 Ala. 15, 6 So.2d 446 [ (1941) ]; Barfield v. Barfield, 139 Ala. 290, 35 So. 884 [ (1904) ].”
Schurink, 177 F.2d at 811.
The trial court divorced the parties on September 6, 1996. From that judgment, Margaret appealed only that portion of the trial court’s judgment related to the property division and alimony award; Margaret did not appeal that portion of the trial court’s judgment that terminated the parties’ marital relationship. The trial court entered its most recent divorce judgment in this matter on June 3, 1999. William died on July 1, 1999. Thus, at the time of William’s death, the bonds of matrimony between William and Margaret were completely and finally dissolved. The trial court’s judgment may have been inoperative during the pendency of the wife’s post-judgment motions and her appeals to this court; however, the parties’ marital status was terminated, at the latest, on June 3, 1999, the date of the entry of the divorce judgment. See id. Therefore, we conclude that the trial court did not err in finding that Margaret was not William’s surviving spouse, and, thus, that she could not dissent from his will and seek to be awarded an elective share pursuant to § 43-8-70, Ala.Code 1975, and to be awarded the *774 statutory exemptions pursuant to §§ 43-8-110 through -113, Ala.Code 1975.
AFFIRMED.
YATES, P.J., and PITTMAN, J., concur.