## VANCE v. STATE.    (7 Div. 842.)

(Court of Appeals of Alabama.   Feb. 6, 1923. Rehearing Denied March 6, 1923. On Mandate of Supreme Court July 14, 1923.)

Bigamy  ⬤⇒2 — Divorce decree not granting right to remarry at time remarriage was contracted held no defense.

In bigamy trial, where accused's prior marriage to a woman then living was proved, a decree divorcing him from her, but not permitting remarriage at the time accused's remarriage was contracted, was no defense, and was inadmissible, under Code 1907, §§ 3811, 6389, 6390.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Clifton Vance was convicted of bigamy, and appeals. Affirmed on authority of Ex parte State ex rel. Atty. Gen. in re Vance v. State, 210 Ala. 9, 97 South. 230.

Graves Embry, of Talladega, for appellant.

Counsel argue that the decree dissolved the bonds of matrimony between appellant and his former wife, and that, having no lawful living wife, he could not be guilty of bigamy.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The decree did not become operative until 60 days after rendition. Defendant's marriage, within that period, to one other than this former wife, was bigamous. Code, §§ 3811, 6389; Witt v. State, 5 Ala. App. 137, 59 South. 715; Barfield v. Barfield, 139 Ala. 290, 35 South. 884. Where the statute or decree prohibits marriage within a designated time, remarriage in violation of the decree is bigamy. 7 C. J. 1162; Crawford v. State, 73 Miss. 172, 18 South. 848, 35 L. R. A. 224.

BRICKEN, P. J. The defendant was convicted of bigamy. The indictment charged that he having a wife then living, unlawfully married one Pernie Baker, against the peace and dignity of the state of Alabama.

The marriage of this defendant to the said Pernie Baker within the time covered by the indictment being without dispute, the material, in fact vital, question in this prosecution was whether at the time of such marriage the defendant, Clifton Vance, had a wife then living; for, of course, if he did not have a wife then living at the time of said marriage, the charge was without foundation and the prosecution must fall. On the other hand, if at the time he married the woman named in the indictment, he had a wife then living, the charge contained in the indictment would be sustained and his conviction should properly follow.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the trial of this case the testimony is practically without conflict. The first witness for the state, Mrs. Minnie Vance, testified that she was married to the defendant in Chilton county, Ala., about nine years ago; that she and the defendant lived together as man and wife for about six years; that he left her then and went to Jefferson county, Ala.; that she had been served with process in a divorce proceeding between the defendant and herself; and that the process notifying her of his getting a divorce from her was served upon her.

The next witness was Pernie Baker Vance, the woman named in the indictment. She testified that she was married to the defendant in Talladega county, Ala., on December 24, 1921, and that they lived together as man and wife until some time in April following, and until he was arrested. Since that time he had been confined in jail and they had not lived together since his arrest. This was all the evidence offered by the state.

The defendant testified in his own behalf, and as hereinabove stated his testimony was not in conflict with that adduced by the state. He, however, contended that he had been regularly divorced from his first wife before he contracted the second marriage with the woman named in the indictment. To sustain this contention he offered to introduce in evidence a certified and properly authenticated copy of the decree of divorce which was duly and legally granted to him by the circuit court of Jefferson county, Ala., on the 2d day of December, 1921. The state objected to the introduction of the certified copy of the decree of divorce on the grounds that same was illegal, irrelevant, and incompetent, and on the further grounds it was shown by the date of the decree of divorce that it was granted on the 2d day of December, 1921, and that the defendant married Mrs. Pernie Baker Vance on the 24th day of December, 1921, less than 60 days after said divorce offered in evidence was granted. The court sustained the objection, and defendant duly excepted to this ruling.

The decree of divorce sought to be introduced was in words and figures as follows:

"The State of Alabama, Jefferson County. Circuit Court, Tenth Judicial Circuit of Alabama, in Equity, No. 8681. Harvey Vance, Complainant, v. Minnie Vance, Defendant.

"This cause coming on to be heard at this term was submitted upon the bill of complaint, nonmilitary affidavit and testimony as noted by register, and, upon consideration thereof, the court is of the opinion that the complainant is entitled to the relief prayed for in his said bill.

"It is therefore ordered, adjudged, and decreed by the court that the bonds of matrimony heretofore existing between the complainant and the defendant be, and the same are hereby dissolved, and the said Harry Vance is forever divorced from the said Minnie Vance for and on account of voluntary abandonment of the bed and board of the complainant by the respondent

19 ALA.APP.—23

for two years next preceding the filing of the bill as alleged in said bill of complaint.

"It is further ordered that the said Harvey Vance be and he is hereby permitted to again contract marriage upon the payment of the costs of court in this cause.

"It is further ordered that the said Minnie Vance pay the costs herein taxed, for which execution may issue, and if such execution is returned 'no property fund' then execution for costs may issue against the said Harvey Vance.

"It is further ordered, adjudged, and decreed that said Harvey Vance, shall not marry again except to said Minnie Vance until sixty days after this date, and if an appeal is taken within sixty days then he shall not marry again except to said Minnie Vance during the pendency of said appeal.

"This, the 2d day of December, 1922.

"Hugh A. Locke, Circuit Judge.

"The State of Alabama, Jefferson County. Circuit Court, Tenth Judicial Circuit of Alabama.

I, Hunter Armstrong, register of the circuit court, Tenth judicial circuit of Alabama, do hereby certify that the foregoing page contains a full, true, and correct copy of the decree rendered by said court on the 2d day of December, 1921, in the cause of Harvey Vance, Complainant, v. Minnie Vance, Defendant, as appears of record in said court.

"Witness my hand and the seal of said court, this the 22d day of August, 1922.

"[Seal.] Hunter Armstrong, Register."

By this decree, rendered in a court of competent jurisdiction, the bonds of matrimony which had existed between this defendant, and his former wife, Minnie Vance, was on the 2d day of December, 1921, dissolved, and the complainant in said court, defendant here, was forever divorced from the said Minnie Vance as of that date. This being true, the said Minnie Vance, in the eye of the law, ceased to be the wife of defendant on and after the date upon which the decree was rendered, as the decree, without qualification or condition, absolutely severed the bonds of matrimony existing between these parties. On and after said date, consortium, or the right to conjugal fellowship or relation, was forever annulled and abrogated by the unqualified dissolution of the bonds of matrimony.

The decree also provides "that the said Harvey Vance be and he is hereby permitted to again contract marriage upon the payment of the costs of court in this cause." And in compliance with the statute, section 3811 of the Code 1907, the court in its decree also "ordered, adjudged, and decreed that said Harvey Vance, shall not marry again except to said Minnie Vance until sixty days after the date of the decree," etc. It was doubtless this latter provision that caused the court below to sustain the state's objection to the introduction in evidence of the decree of divorce hereinabove set out. In this ruling the court committed reversible error, for the decree of divorce was a complete answer to the indictment in a prosecution of this char-

acter, as it was affirmatively shown therein that the said Minnie Vance was not the wife of this defendant at the time he contracted the marriage with the woman named in the indictment on December 24, 1921, nor had she been his wife since the rendition of the decree on December 2, 1921. This being true, the material averment in the indictment "that the defendant had a wife then living" failed for want of proof, there being no evidence to sustain it, and the defendant by the best evidence—the decree of divorce itself—sought to prove, as he had the right and he should have been allowed to do so, that at the time designated he had no living wife, and that he had had no wife since December 2, 1921. The mere fact that the defendant failed to abide some of the terms or provisions of the decree awarded him cannot avail the state in a prosecution of this character. He may have been upon proper proceedings adjudged in contempt of court, and other proceedings not necessary to here mention may have been predicated upon his actions or conduct in this respect; but under no conditions can it be said that his failure or omission to abide certain terms or provisions of the decree resulted in again reuniting him with Minnie Vance in the bonds of matrimony, or, in other words, by such conduct she again became his wife. The very terms of the decree refutes this proposition. The inhibition in the decree to the effect that complainant, defendant here, should not marry again within 60 days from the date of the decree, was conditional; the condition being that he should not marry again in 60 days unless he should remarry the said Minnie Vance. It stands to reason that if Minnie Vance was still his wife during that period, as contended by the state in this prosecution for bigamy, and as incumbent upon the state to prove, there would be no necessity for him to marry her again. There is no provision of law authorizing a man to marry a woman who is already his lawful wife, and of course the decree here did not contemplate such an unheard of proceeding.

The term "divorce" means a legal dissolution of the marriage contract by a court having competent jurisdiction or authority. And the purpose and effect of a decree of divorce from the bonds of matrimony by a court of competent jurisdiction is to change the existing status or domestic relation of husband and wife, and to free them both from the bond. A decree that the complainant be divorced from the respondent imports a dissolution, in the largest sense, of the marriage relation between the parties. It means a divorce from the bonds of matrimony, and not merely from bed and board. The term is not answered by a divorce in part or to a limited extent only, but calls for a complete severance of the tie by which the parties were united. 3 Words and Phrases, First Series, p. 2149.

The divorce granted this appellant as shown by the decree of court set out in the record was not a divorce in part, nor was it limited to any extent; it was a divorce absolutely dissolving the bonds of matrimony existing between the defendant and the woman, Minnie Vance, and by its terms forever divorced the defendant from the said Minnie Vance. The decree became absolute on the date of its rendition, and this fact constitutes a complete and full defense in a prosecution of this character.

The case of Witt v. State, 5 Ala. App. 137, 59 South. 715, to which we are cited in brief by the Attorney General, bears no analogy to the case at bar. In the Witt Case, supra, by its express terms the divorce granted defendant in that case did not become absolute nor did it take effect until six months from the date of decree. By reference to the original record in the Witt Case we find this provision as a part of the decree in that case, to wit:

"It is further ordered, adjudged, and decreed by the court that this decree does not become absolute and take effect until six months from date hereof," etc.

The state having failed to meet the burden of proving the material averment in the indictment "that the defendant had a wife then living" at the time of contracting the marriage with Pernie Baker, the defendant was entitled to the affirmative charge as requested, and its refusal was error.

Under the whole evidence the defendant was entitled to a jury and verdict of not guilty.

The judgment appealed from is reversed, and as no conviction can be had upon this indictment, a judgment is here rendered discharging the defendant.

Reversed and rendered.

#### On Rehearing.

The opinion heretofore handed down in this case was based solely upon the grounds that the proof offered upon the trial of this case failed to support the material allegation in the indictment that this defendant, "having a wife then living," married one Pernie Baker. It clearly appears from the evidence contained in the transcript that there was no testimony to sustain the averment that at the time of defendant's marriage to Pernie Baker he had a wife then living. Other matters being without dispute, this was the only question involved upon the trial of this case, and therefore the only question presented on review here.

In brief, on application for rehearing, the Attorney General says:

"We think this case should be again seriously considered by the court for the reason that property rights of the parties will be involved."

He also states:

"According to the opinion handed down in the instant case the second Mrs. Vance would be entitled to share as the lawful wife of Vance in his estate," etc.

This court has not held that the marriage of Vance, defendant, to Pernie Baker, the woman named in the indictment, was legal, or that such marriage was valid. That question was not involved here and there was no necessity to discuss it. Such a question is not presented. It may be that in contracting said marriage before the expiration of the 60-day period that the defendant was in contempt of court, and his relations with the said Pernie Baker may have been adulterous or otherwise illegal. But, here, we are not called upon to so decide. We are here concerned only with the question as to whether or not the material allegations in the indictment have been sustained by the measure of proof necessary in all criminal cases. If, as contended by the Attorney General that form 22, under which this indictment is drawn, is misleading, that fact can have no bearing here. The defendant was called upon to answer the indictment as preferred against him only, and not an indictment that should have been preferred.

The Attorney General further says:

"Suppose that the respondent in the suit in which Vance filed a bill for divorce had seen fit to take an appeal to the Supreme Court and the court had held that the bill was without merit and dismissed it."

A complete answer to this insistence is that this court is not dealing in suppositions, and that it affirmatively appears from the record that on and after December 2, 1921, Minnie Vance ceased to be the wife of Clifton Vance, and therefore at the time he contracted the second marriage he had no wife then living; and that the decree rendered in this respect was effective as of that date, as stated in the opinion.

We are clearly of the opinion that the conclusion reached in the original opinion is correct, and it is therefore adhered to.

What might have happened, or what should have been done, is not before this court. Application for rehearing overruled.

#### On Mandate of Supreme Court.

PER CURIAM. By the statute, Acts 1911, p. 95, § 10, it is provided that the decisions of the Supreme Court of Alabama shall govern the holdings and the decisions of this court, etc. As a result of this statutory provision we perforce must hold, in view of the decision by that court in this case, that the judgment of conviction appealed from must be affirmed.

As stated, in the original opinion of this court, the indictment charged that this appellant having a wife then living, unlawfully married one Pernie Baker, etc. It would

seem that under the elementary rules of evidence if it appeared upon the trial of the case, from the testimony, that the defendant at the time of contracting the marriage with Pernie Baker had no wife then living, it would be conclusive of the case and that the prosecution must of necessity fail. It is without dispute that this appellant was granted an absolute decree of divorce by a court of competent jurisdiction, from his former wife, Minnie Vance, some days prior to the date upon which he contracted the marriage with Pernie Baker. By the terms of the decree of divorce it was adjudged and decreed that he should not marry again except to said Minnie Vance (former wife from whom the divorce was granted) until 60 days after the date of the decree of divorce. The decree also provided:

"And if an appeal is taken within sixty days then he shall not marry again except to said Minnie Vance during the pendency of the appeal."

It does seem that if Minnie Vance was still the living wife of appellant, notwithstanding the decree of absolute divorce, and this is of necessity the effect of the holding by the Supreme Court, for otherwise this material averment in the indictment would fail for want of proof, an anomaly is presented by the requirement if he marry at all within 60 days he must marry a woman already his lawful living wife. In other words, if she was already his wife, by what provision of law or custom could he marry her again; and, on the other hand, if she was not his wife, then the prosecution falls, as, "having a wife then living" is the material, in fact the vital, ingredient of the offense charged.

Under the terms of the statute, Acts 1911, p. 95, § 10, the judgment of conviction appealed from is affirmed upon the authority of Ex parte State ex rel. Atty. Gen. in re Vance v. State, 210 Ala. 9, 97 South. 230.

Affirmed.