192 So. 508

**Ex parte JOHNSON.**

**8 Div. 24.**

Supreme Court of Alabama.

Dec. 7, 1939

J. Arnold Teks, of Russellville, for petitioner.

W. H. Quillin, of Russellville, pro se.

BROWN, Justice.

The Law and Equity Court of Franklin County, created by local act No. 404, approved September 28, 1923, has concurrent equity jurisdiction with the circuit courts of the state. Loc.Acts 1923, p. 272.

The jurisdiction to grant divorces is purely statutory and courts upon which jurisdiction is conferred, in Alabama, are quoad hoc courts of statutory and limited jurisdiction. Martin v. Martin et al., 173 Ala. 106, 55 So. 632; Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

The circuit court, as a court of equity, is always open for the transaction of business, and under the provisions of §§ 6636, 6667 and 6670, figuratively speaking, the final judgments and decrees of the court remain in the breast of the court and subject to its plenary power for thirty days from the date they are rendered. Ex parte Howard, Howard v. Ridgeway et al., 225 Ala. 106, 142 So. 403.

This rule is by the act of its creation applied to the Law and Equity Court of Franklin County, §§ 10 and 15, Local Acts 1923, pp. 274, 275.

The order vacating the final decree was well within thirty days from its rendition and the court had the power ex mero motu to set aside and vacate the decree and restore the cause to the trial docket.

The writ of mandamus is therefore denied, and the petition dismissed.

THOMAS, BOULDIN, and FOSTER, JJ., concur.