12 So.2d 81

Ex parte CLEMMONS.

8 Div. 210.

Supreme Court of Alabama.

Feb. 11, 1943.

Carmichael & Polk, of Sheffield, for petitioner.

Raymond Murphy, of Florence, for respondent.

GARDNER, Chief Justice.

There is pending in the Law and Equity Court of Lauderdale County a suit for divorce on the grounds of cruelty and adultery, filed by petitioner, Emmie Lorine Clemmons, against her husband, Obie W. Clemmons. The bill was filed October 6, 1942. On November 11th, thereafter, the register of the court presented a motion to require the payment of costs in a suit for divorce filed in January 1936 by the husband, Obie W. Clemmons, against this petitioner, his wife, which suit was dismissed, and execution for costs issued against complainant therein and returned "no property found." The trial judge entered an order granting this motion, and predicating the future prosecution of the present suit for divorce by the wife upon the payment of the costs of the former suit brought by the husband. This petition for mandamus seeks the vacation of this order.

The answer of the judge discloses that his action was rested upon an interpretation of section 66, Title 11, Code of 1940, to the effect that the register had the right there-

**14**

under to make the motion as a "party in interest," and that the suit is due to be dismissed unless the costs of the former suit are paid.

■ We entertain serious doubt that this statute is to be properly construed as authorizing the register to make the motion. But we pass that matter by without decision, and rest our conclusion upon the meritorious question in the case. There is no occasion to review the history of this statute and the rule existing prior to its enactment. The practice of enforcing payment of costs awarded by a final judgment and staying a second action, based on the same cause of action, originated in ejectment suits, "but the scope of the rule was subsequently enlarged, and now embraces all classes of actions." The rule had the two-fold object of compelling payment of costs and preventing vexatious litigation. 20 Corpus Juris Secundum, Costs, § 426, p. 666. But it is clear that the basic theory of the rule was the prevention of vexatious litigation. It was so stated by this court in Ex parte Mathews, 145 Ala. 505, 40 So. 78, 79, in the following manner: "The main theory upon which the courts exercise this right of staying the proceedings until costs have been paid is founded upon the necessary control which courts have over their own proceedings, and their duty to prevent them being made the means of oppression and vexation."

Any matter of vexatious litigation is wholly lacking in the instant case. In the first place, the causes of action are not the same. The husband's suit against the wife for a divorce brought in 1936, which was dismissed, is an entirely different cause of action from that brought by the wife in 1942, seeking a divorce and alimony based upon cruelty and adultery on the part of the husband. True, in each action divorce was sought. But there the similarity as causes of action comes to an end.

■ Complainant in the present suit was defendant in the former. She was not the movant or actor, and no costs taxed against her. Indeed, the answer shows that this petitioner, who was defendant in the divorce suit of the husband in 1936, appeared and successfully defended the suit. Complainant in that former suit was therefore the actor, and the costs properly taxed against him. It is clear enough the cause of action by this petitioner is not to be confused with the former suit by the husband, and should in no manner be prejudiced thereby.

■ The basic principle of the rule and the statute, the prevention of vexatious litigation, is here entirely lacking, and what we have said should suffice to disclose our conclusion the order was improvidently entered, and should be set aside.

■ Petitioner having a clear legal right, and there being no other adequate remedy, the petition for mandamus is properly filed. Ex parte Mathews, supra; 14 Ala. Dig., Mandamus, ☞3, p. 54.

We might add, by way of precaution, and in view of our recent decision in Ex parte Barger, 11 So.2d 359,[1] that the Law and Equity Court of Lauderdale County was established by Local Act of 1931. Local Acts 1931, page 72. By this act, the court, with certain prescribed limitations, is given concurrent jurisdiction both in law and equity with the circuit courts, with jury trials and appeals direct to this court and the Court of Appeals. And in section 24 of the act is an express provision for supervision here over said court and the judge thereof to be exercised in the same manner as jurisdiction is exercised over the circuit courts of the State, and the judges thereof.

The dissimilarity between the Law and Equity Court of Lauderdale County and that considered in Ex parte Barger, supra, is apparent, and this matter needs no further comment here.

■ It is entirely clear the petition was properly presented in this court in the first instance.

It results that the petition is due to be granted, and it will be so ordered.

Mandamus awarded.

THOMAS, LIVINGSTON, and LAWSON, JJ., concur.

[1] 243 Ala. 627.