24 So.2d 25

### SCOTT v. SCOTT.

### 8 Div. 329.

Supreme Court of Alabama.

Dec. 6, 1945.

J. Foy Guin, of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

LAWSON, Justice.

This is an appeal taken by complainant in a divorce suit from a decree rendered on application for rehearing filed by respondent below, appellee here.

Although there is no motion by appellee to dismiss the appeal, we are of the opinion that it must be dismissed, since the decree is not one which will support an appeal.

The suit was filed in the Law and Equity Court of Franklin County, which court has concurrent equity jurisdiction with the circuit courts of this State. Local Acts 1923, page 272; Ex parte Johnson, 238 Ala. 584, 192 So. 508. We are not here called upon to construe any of the specific provisions of this act, but it is observed that there is no provision contained therein for an appeal in divorce cases when one does not exist in the circuit court in equity under like circumstances.

Rule 62, Equity Practice, Code of 1940, Title 7 Appendix, page 1097, prescribes the procedure for filing applications for rehearing in equity cases and contains the following provision: "The judge may grant or overrule said application or modify said decree, as justice may require, or set same down for rehearing, upon such terms and conditions as he may deem just. In any event the judge must enter an order or decree setting forth his ruling. *No appeal will lie from such order unless it modifies the decree.*" (Emphasis supplied.) It has been held that Rule 62, supra, does not authorize an appeal from a decree overruling a motion for rehearing. Money v. Galloway, 236 Ala. 55, 181 So. 252. In the case of Linn v. Linn, 242 Ala. 688, 8 So.2d 187, it was held that an appeal is not authorized by that rule from an order setting a decree aside.

The pivotal question in the instant case in so far as determining whether or not the decree from which the appeal is taken will support an appeal is, does the decree modify the original decree within the meaning of Rule 62, Equity Practice, supra. For the purpose of discussing that question, but for that purpose alone, we deem it advisable to set out briefly the circumstances leading up to the decree from which this appeal has been taken.

The bill for divorce, filed on December 28, 1944, by the appellant against his wife, appellee, sought a divorce on the ground of adultery and prayed that the custody of the two minor children, the issue of the marriage, be committed to him.

Appellee was duly served with summons but made no appearance within the time prescribed by law and on proper showing a decree pro confesso was rendered on February 5, 1945. On testimony taken and submitted a final decree of divorce was rendered on February 7, 1945, by which the right of custody of the two minor children was awarded to appellant, complainant below.

On February 16, 1945, appellee filed her "application for a rehearing from the final decree dated February 7, 1945, and to set aside final decree in so far as it grants the sole custody and control of the named minors to complainant," and assigned the following grounds: "(1) That the same was contrary to law; (2) that the same was contrary to the evidence; (3) for that after service or process was had on her it was agreed between her and the complainant in that cause that the court might grant a divorce to Medford Scott, and that this applicant should have custody and control of their minor children; that she was ignorant in the matter of decrees as to custody of children, and notwithstanding the said agreement that she was to have the custody of said children the decree was fraudulently procured by the complainant, and should be set aside and a decree granting her the custody of said minor children should be entered." The hearing on the application was set for April 3, 1945. Appellant filed a motion to strike appellee's application for rehearing, assigning a number of grounds. Thereafter, on March 2, 1945, appellee filed an amendment to her application for rehearing wherein she sought not only the custody of the minor children but prayed that the decree rendered on February 7, 1945, be set aside in its entirety and that she be permitted to file an answer and cross-bill, assigning the following additional ground: "4. For that the respondent Alice Davis Scott, was not guilty of living in adultery as stated in said bill of complaint, and is a suitable and the proper person to have custody of said minor children and the complainant is not such a person." Appellee also filed on March 2, 1945, an answer and cross-bill. Appellant on March 5, 1945, filed motions to strike the amendment to appellee's application for rehearing and her purported answer and cross-bill. The hearing on the application for rehearing was continued by the court from April 3, 1945, until April 6th upon request of appellant.

On April 6th, the court rendered the following decree:

"Decree Granting Portion of Application For Rehearing and Setting Cause for Retrial on May 10, 1945.

"This April 6, 1945, being the day set for the oral hearing before the court of the application of the respondent, Alice Davis Scott, for a rehearing in the cause, the final decree having been rendered on February 7, 1945, comes the complainant in person and by his attorney, J. Foy Guin, and comes also the respondent in person and by his attorney, H. H. Hamilton. It appears to the court that both the application for a rehearing and amended application for a rehearing were continued to this April 6, 1945 by proper orders of the court made and entered on February 21, 1945, March 3, 1945 and March 15, 1945 and that the court has retained jurisdiction of the cause for an oral hearing before the court of the said application for a rehearing and amended application for a rehearing on this date.

"The complainant presents to the court his separate motions to strike the application for a rehearing and the amended application for a rehearing and after carefully considering the said motions to strike the said application for a rehearing and amended application for a rehearing, it is ordered, adjudged and decreed by the court that each of said motions to strike be overruled and denied, to each of said rulings of the court the complainant excepts.

"Thereupon the court proceeds to hear the evidence introduced by the parties, all of which was taken orally before the court. After carefully considering said evidence, it is ordered, adjudged and decreed by the court that that part of the application for a rehearing asking the court to set aside that part of the final decree granting the parties a divorce is hereby overruled and denied and all that part of the final decree granting the complainant and the respondent an absolute divorce and granting the complainant the right to again contract marriage shall remain in full force and effect.

"It is further ordered, adjudged and decreed by the court that that part of the application for a rehearing asking the court to set aside that part of the final decree awarding the custody of the two minor children, Lucille Scott and Willie D. Scott to complainant be granted and that part of the final decree awarding the custody of the two said children to complainant is hereby set aside and held for naught and the cause is hereby restored to the trial docket for further consideration of the court only for the purpose of determining who shall have the permanent custody of the two said minor children.

"It is further ordered, adjudged and decreed by the court that this cause is hereby set for oral hearing before the court on Thursday, May 10, 1945 at 9 o'clock A.M., at which hearing the court shall determine from the evidence whether the complainant or the respondent shall have the permanent custody and control of the said children, and upon the completion of the said hearing before the court, the cause will stand submitted to the court for a final decree awarding the custody of the said children to the complainant or the respondent. It is further ordered and decreed by the court that at the said oral hearing before the court on May 10, 1945, all pleadings relative to the custody of the said children will be settled and ruled on by the court immediately before the taking of the testimony in the case.

"It is ordered, adjudged and decreed by the court that the complainant and respondent here and now in open court are hereby notified by the court of the said oral hearing to be held before the court on May 10, 1945 to determine who shall have the custody of the said children. It is the further order of the court that the complainant, Medford Scott, is hereby ordered and instructed by the court in open court to have the said children, Lucille Scott and Willie D. Scott, present in court at the said hearing before the court on May 10, 1945.

"The court is of the opinion that, the said children being wards of the court and it being the duty of the court to protect their general welfare as much as possible, the court should not be prevented from adjudicating their custody because of technical rules of pleading.

"It is further ordered, adjudged and decreed by the court that the court reporter who took down in short hand all the evidence introduced at the hearing before the court on this day is not required to transcribe said testimony in typewriting and file the same in the cause if an appeal is not taken, but if an appeal is taken in the cause, the court reporter shall transcribe in typewriting all of the testimony

taken at this hearing on this day certify to the same and filed the same in this cause with the register of this court."

It is true that the original decree has been changed in that the court has set aside that part of the original decree awarding the custody of the minor children to appellant. But it affirmatively appears from the decree above set out that the action is not final and that the court has restored the cause to the docket for the purpose of determining whether the children will be awarded to the appellant or appellee. After another hearing the court may again award the said minor children to appellant. We do not think that the action taken by the court in the decree from which this appeal is taken has "modified" the original decree within the meaning of Rule 62, Equity Practice, supra, so as to support an appeal. We think that in order for a decree rendered on application for rehearing to support an appeal it must not only change or modify the original decree but that the modified decree be final in its character.

Let the appeal be dismissed.

Appeal dismissed.

All the Justices concur.