25 So.2d 671

### THOMPSON et al. v. STATE ex rel. KEY.

#### 8 Div. 332.

Supreme Court of Alabama.

March 14, 1946.

Rehearing Denied April 11, 1946.

586

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for appellees.

J. Foy Guin, of Russellville, for appellant.

BROWN, Justice.

This appeal is from the final decree condemning as contraband "one Maroon colored Ford V-8, Four Door Sedan, 1941 model automobile", and ordering the same sold. The bill is filed by the State on relation of the solicitor of the Law and Equity Court of Franklin County.

Much of the criticism of the proceedings in the trial court relates to preliminary matter leading up to bringing the case to final submission. While we have examined these several matters we do not feel that the exigencies of this case require that this Court condemn or approve these preliminary proceedings.

The decree of the court overruling the defendant's first plea in abatement was entered after the defendant's solicitor had, as stated in the brief, in effect abandoned the plea. Moreover, it appears that the matters relied on as basis for the plea was that the automobile sought to be condemned as the property of the defendant Clinton Thompson had been purchased by him from Morris under a conditional sales contract whereby Morris had retained title to the same, and that there was still due on the purchase price the sum of $338.33. Subsequent developments shown by the record is that the amount of said balance due had been paid, and that neither Morris nor the First National Bank of Tuscumbia had any claim thereto.

The defendant's demurrer challenged the equity of the bill, and the jurisdiction of the Law and Equity Court to entertain the condemnation proceeding on the grounds "that under the mandatory provisions and requirements of the statute whereunder this proceeding was brought, the bill or petition could be interposed only in the circuit court". The Law and Equity Court was established by Act of the Legislature approved September 28, 1923, which was entitled "An Act to establish a Law and Equity Court for Franklin County; to define its jurisdiction and powers," etc. The first section of the Act provides: "That there be and hereby is established in and for the County of Franklin a Law and Equity Court which shall be called the Law and Equity Court of Franklin County, and shall be a court of record, and which shall have and exercise concurrent jurisdiction, authority, functions and powers now conferred or may be hereafter conferred upon the several Circuit Courts of the State, provided however that the Law and Equity Court of Franklin County shall not have jurisdiction to try persons charged with felonies; and shall have concurrent jurisdiction with the Justices of the Peace of Franklin County in all matters whatsoever." Local Acts 1923, p. 272.

█ It is clear from the title and provisions of this Act that it was the legislative intent to establish a court with equity jurisdiction concurrent and coextensive with the jurisdiction of the Circuit Court, as well as to give the court jurisdiction to try actions at law. Ex parte Johnson, 238 Ala. 584, 192 So. 508.

█ The proceedings authorized by Sections 247 and 248, Title 29, Code of 1940, in connection with the local Act creating the Law and Equity Court of Franklin County clearly conferred jurisdiction on said court to entertain proceedings for condemnation of contraband property seized by the law enforcement officers under said section.

█ The demurrer to the bill was overruled without error. We note, however as a matter of clarity, that ordinarily where jurisdiction is conferred by statute on a court wherein proceedings are pending it is not the office of a demurrer to question the court's jurisdiction. The demurrer goes to the sufficiency of the pleading and not to the court's power to entertain the cause.

█ The defendant Thompson, appellant here, before the trial of the equity case, had been tried and convicted of the misdemeanor growing out of and founded on the same act upon which the bill in this case is rested, and by agreement of the parties the testimony taken on the trial of the misdemeanor, duly reported and certified to, was the evidence upon which the issues of this case were to be determined. And the soundness, or not, of the Court's conclusion as to whether the automobile was subject to condemnation turns upon the sufficiency of the evidence to reasonably satisfy the judicial mind that the defendant Thompson had knowledge that the tow sack put in the automobile by James, with Thompson's consent, contained the jug of liquor. The evidence presented a question of fact and it is stipulated in the agreement of submission that the judge who tried this case also tried the criminal case, and the evidence in that case was given ore tenus before him. We are of the opinion that the testimony given in the criminal trial is sufficient to sustain the court's conclusion of fact. Bowden et al. v. Turner, ante, p. 352, 24 So.2d 429.

After the final decree was entered some differences of opinion arose between the parties and the Court as to whether the defendant should be required to give an additional bond. The trial judge seems to have been of the opinion that the forthcoming bond required by Section 249, Title 29, Code of 1940, had served its purpose and become ex officio functus officio when the final decree of condemnation was entered. While defendant's counsel seems to have been of the opinion that this bond remained

in force and stood for the property in case of appeal without the necessity of executing a supersedeas bond. The appellant thereupon applied to the Judge to have the amount of the supersedeas bond fixed, which was done after taking testimony in respect to the value of the property. This question is not presented here in such form as to require this court to settle it. We note however, that the statute provides: "Upon the execution of such bond, the sheriff shall deliver said property to the defendant or claimant executing the same. Upon the failure of the defendant or claimant to deliver the property condemned within fifteen days after judgment of condemnation, the bond shall be returned forfeited to the register of the circuit court and execution may issue thereon against the principal and his sureties for the amount of the value of such property." Section 249, Title 29, Code of 1940.

We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

The order of the court of June 14, 1945, peremptorily setting the case for hearing on testimony to be taken ore tenus on the 25th of June, 1945, before the case was at issue on the merits, was irregular and erroneous. But subsequent to that order and before the hearing occurred, the defendant (appellant here) filed his demurrer and answer to the bill and entered into an agreement with the solicitor for the complainant that the case would be submitted on the testimony given on the trial of the defendant in the criminal proceedings, and the case so proceeded to trial. The order of the court, though erroneous, was without injury, and by so proceeding the irregularity was waived. Leslie v. Click et al., 221 Ala. 163, 128 So. 170.

The application for rehearing is without merit and is due to be overruled.

It is so ordered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.