49 So.2d 553

## STATE v. LE CROY.

### 5 Div. 502.

Supreme Court of Alabama.

Dec. 14, 1950.

638

A. A. Carmichael, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for appellant.

Omar L. Reynolds and Reynolds & Reynolds, of Clanton, for appellee.

LAWSON, Justice.

The ultimate question for decision in this case is whether an appeal can be taken to the Chilton County Law and Equity Court, in equity, from a final sales tax assessment made by the State Department of Revenue.

On December 7, 1949, the State Department of Revenue entered a final assessment against E. C. LeCroy for additional sales tax for the period beginning January 1, 1946, and ending December 31, 1948.

On December 12, 1949, E. C. LeCroy, the taxpayer, filed notice of appeal with the secretary of the Department of Revenue and with the register of the Chilton County Law and Equity Court, in equity. At the time of taking the appeal appellant

executed a supersedeas bond, which was approved by the ex officio register of the Chilton County Law and Equity Court, in equity, in double the amount of the assessment conditioned to pay all taxes, interest and costs found to be due.

Thereafter on December 15, 1949, E. C. LeCroy, the taxpayer, filed a bill in equity in the Chilton County Law and Equity Court, in equity, assailing the correctness and validity of the assessment of the Department of Revenue. The prayer of the bill was in effect that no additional sales tax was due and that the court set aside and cancel the assessment made by the Department of Revenue, and if any amount of tax is found to be due, a decree be rendered fixing the amount of such additional sales tax, penalty and interest.

LeCroy, the taxpayer, took the appeal under the provisions of §§ 140 and 768, Title 51, Code 1940.

The State demurred to the bill on the ground, among others, that the bill showed on its face that the Chilton County Law and Equity Court, in equity, did not have jurisdiction of the appeal from the final assessment of the State Department of Revenue.

From a decree overruling the demurrer, the State has appealed to this court.

The position taken by the State is that appeal from the final sales tax assessment made by the State Department of Revenue may be taken by LeCroy only to the circuit court of Montgomery County, in equity, or to the circuit court of Chilton County, in equity.

Section 768, Title 51, supra, provides that an appeal from a final sales tax assessment made by the State Department of Revenue shall be taken in the same manner as provided in § 140, Title 51, supra. Section 140, Title 51, authorizes an appeal by the taxpayer "to the circuit court of Montgomery county sitting in equity, or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides if the taxpayer has within the state a permanent residence, at the option of the taxpayer".

In answer to the contention made by the State that the Chilton County Law and Equity Court, in equity, had no jurisdiction over the appeal, LeCroy, the taxpayer, argues that the Chilton County Law and Equity Court, in equity, is one of concurrent jurisdiction with the circuit court of Chilton County, in equity, and that when the appeal is authorized to be taken to the circuit court of Chilton County, in equity, such authority extends to the Chilton County Law and Equity Court, in equity, because it is a court of concurrent jurisdiction with the circuit court of Chilton County, in equity, and therefore, under the provisions of § 140, Title 51, LeCroy, the taxpayer, had the right to appeal to the circuit court of Montgomery County, in equity, or the circuit court of Chilton County, in equity, or to the Chilton County Law and Equity Court, in equity.

The Chilton County Law and Equity Court was created by a local act approved July 12, 1949, General and Local Acts 1949, p. 314. The first section of that act is as follows: "That there is hereby established in and for Chilton County, Alabama an Inferior Court of Law, both civil and criminal, and of Equity, which shall be called Chilton County Law and Equity Court, and which shall be a court of record, and which shall have and exercise concurrent jurisdiction now conferred, or which may hereafter be conferred, upon the several Circuit Courts of the State, provided that the said Law and Equity Court shall not have jurisdiction to try a person charged with felonies and provided further that said court's civil jurisdiction on the law side of said court shall not exceed the sum of $500.00, exclusive of the interest and cost; and said Court shall have concurrent jurisdiction with Justices of the Peace of Chilton County in all matters whatsoever; and shall also have and exercise such further jurisdiction, authority, functions and powers as are hereinafter conferred upon it by this Act."

█ The provisions of the act creating the Chilton County Law and Equity Court quoted above, in so far as they relate to the equity powers of that court, are in all respects the same as the provisions of § 1 of the act creating the Law and Equity Court of Franklin County. Act No. 404,

approved September 28, 1923, Local Acts 1923, p. 272. We have held that the Law and Equity Court of Franklin County, created by the said 1923 local act, has concurrent equity jurisdiction with the circuit courts of this state. Ex parte Johnson, 238 Ala. 584, 192 So. 508; Scott v. Scott, 247 Ala. 266, 24 So.2d 25. We agree, therefore, with the contention of the taxpayer, E. C. LeCroy, that the Chilton County Law and Equity Court has concurrent equity jurisdiction with the circuit courts of this state.

The State contends that although the Chilton County Law and Equity Court, in equity, may have concurrent equity jurisdiction with the circuit courts of this state, appeals cannot be taken to that court from final sales tax assessments made by the State Department of Revenue, because by the express language of § 140, Title 51, Code 1940, such appeals may be taken only to the circuit courts in equity. The State further contends that if the legislature had intended that such appeals be taken to the several law and equity courts of this state, the words "or court of like jurisdiction" would have been included in the section.

But under our decisions, the mere failure of the legislature to include such words has been held not to deprive a statutory court having concurrent equity jurisdiction with that of the circuit courts of this state from entertaining proceedings for the condemnation of contraband property seized by the law enforcement officers under the provisions of §§ 247 and 248, Title 29, Code 1940. Section 248 provides in effect that it is the duty of certain law enforcement officers to institute condemnation proceedings in the circuit court by petition in equity in the name of the State against the property seized, describing the same, or against the person or persons in possession of said vehicles of transportation, if known, to obtain a decree enforcing the forfeiture. In the case of Thompson v. State ex rel. Key, 247 Ala. 585, 25 So.2d 671, the solicitor of the Law and Equity Court of Franklin County instituted proceedings in the Law and Equity Court of Franklin County against Clinton Thompson and one 1941 Ford automobile, to con-

demn the automobile as having been used in the transportation of prohibited liquor. The position was taken in that case that the jurisdiction of vehicle forfeiture cases under the liquor laws is exclusively in the circuit court and that the law and equity court had no jurisdiction. In answer to that contention we said:

"It is clear from the title and provisions of this Act that it was the legislative intent to establish a court with equity jurisdiction concurrent and coextensive with the jurisdiction of the Circuit Court, as well as to give the court jurisdiction to try actions at law. Ex parte Johnson, 238 Ala. 584, 192 So. 508.

"The proceedings authorized by Sections 247 and 248, Title 29, Code of 1940, in connection with the local Act creating the Law and Equity Court of Franklin County clearly conferred jurisdiction on said court to entertain proceedings for condemnation of contraband property seized by the law enforcement officers under said section." 247 Ala. 587, 25 So.2d 677.

Section 20, Title 34, Code 1940, gives to circuit courts in equity power to render divorce decrees. This power is statutory and limited. Nothing is said about any other court having equity jurisdiction. Yet we have held that the Law and Equity Court of Franklin County has jurisdiction of divorce cases under § 20, Title 34, supra. Ex parte Johnson, supra; Scott v. Scott, supra. To like effect see Ex parte Clemmons, 244 Ala. 13, 12 So.2d 81, wherein it was held in effect that the Law and Equity Court of Lauderdale County had concurrent jurisdiction with the equity court in divorce matters. The Law and Equity Court of Lauderdale County there under consideration was established by an act passed over the Governor's veto on May 29, 1931, Local Acts 1931, p. 72. Section 1 of said act is in practically the same language as § 1 of the act creating the Franklin County Law and Equity Court, supra.

In view of our holdings heretofore referred to, we do not think we would be justified in placing upon § 140, Title 51, Code 1940, the narrow construction for which the State contends. To do so would

not only affect the rights of the appellee in this case, but perhaps many other taxpayers in the several counties of this state wherein are similar statutory courts having concurrent equity jurisdiction with the circuit courts.

An examination of the various statutes relating to the review by the courts of tax assessments fails to point out any reason why we should place a different construction on the tax statute here involved from that which we have heretofore placed on the statutes relating to divorce and condemnation of vehicles transporting prohibited liquors.

In view of the foregoing, we hold that appeals from final sales tax assessments made by the Department of Revenue may be taken to the Chilton County Law and Equity Court, in Equity.

The decree is affirmed.

Affirmed.

BROWN, SIMPSON, and STAKELY, JJ., concur.

FOSTER and LIVINGSTON, JJ., dissent.

FOSTER, Justice (dissenting).

I cannot agree with the foregoing opinion.

With considerable care we have undertaken to examine many of the statutes which have been enacted throughout the history of the State providing for appeals to the circuit court. This is for the purpose of ascertaining, if we can, what the legislative intent was with respect to the court to which this appeal is taken. We find there is much difference in the statutes in this respect. In this connection, we note the Act of August 16, 1915 (see, Acts 1915, page 279), which consolidated with the circuit court all the city courts and other courts having jurisdiction of equity matters.

### Condemnation Proceedings.

By the Code of 1886, section 3215, the only provision for appeal was to the Supreme Court from the probate court. The Code of 1896, section 1720, provided for appeals in the assessment of damages to the city or circuit court. In the Code of 1907, section 3875, the appeal was likewise to the circuit court or city court.

The next statute we find was after the 1915 Act, supra, in the Code of 1923, section 7492, providing for appeals to the circuit court, without referring to any other; and in the Code of 1940, section 17, Title 19, appeal is likewise to the circuit court only. The circuit court, unless otherwise expressed, we assume means *at law*.

### Justices of the Peace.

In the Code of 1886, section 3398 (3654 and 3710), the appeal was to the circuit court or court of like jurisdiction; and in the Code of 1896, section 481, and the Code of 1907, section 4713, the appeal was likewise to the circuit court or court of like jurisdiction. Subsequent to the 1915 Act, supra, we find in the Code of 1923, section 8777, and in the Code of 1940, section 477, Title 13, there was no change: the appeal was authorized to be made to the circuit court or court of like jurisdiction.

### County Courts.

In the Code of 1886, section 4226, the appeal was authorized to the circuit court or city court. Likewise, it was so provided in the Code of 1896, section 4622, and the Code of 1907, section 6725.

Subsequent to the Act of 1915, supra, we find in the Code of 1923, section 3837, that the appeal was authorized to the circuit court only. The same is true as to the Code of 1940, section 349, Title 13.

### Probate Courts.

In the Code of 1886, section 3640, appeal was to the circuit or Supreme Court. The same is true with respect to every code since then, including the present, as follows: Code of 1896, sections 457, 458; Code of 1907, sections 2855, 2856; Code of 1923, sections 6114, 6115; Code of 1940, sections 775, 776, Title 7.

### Improvement Assessments.

The Code of 1907, section 1389, provided for appeals from street improvement assessments to the circuit court or any

other court of like jurisdiction. The same provision exists in the Code of 1923, section 2204, and also the Code of 1940, section 545, Title 37.

### Ad Valorem Assessments.

The Act of 1897, page 1489, section 15, which is. section 3979 of the Code of 1896, provides for appeals from the court of county commissioners to the circuit court. Section 2148 of the Code of 1907 has a provision for appeals from assessments made by the county commissioners to the circuit court or *court of like jurisdiction.* Next came the Revenue Act of 1919 (see, General Acts 1919, page 317) which section 104 provided for appeals to the circuit court of the county. Section 6096 of the Code of 1923 provides for an appeal from the assessing board to the circuit court of the county. Then followed the Revenue Act of 1935, where, on page 294, section 77, in which an appeal was provided from an assessment made by the board of review to the circuit court of the county in which the taxpayer's property was located. Sections 74 and 109, Title 51, Code of 1940, have the same provision.

It will be noted that none of those appeals from ad valorem assessments are to a court of equity, and in only the Code of 1907 was there authority to appeal to any but the circuit court.

### Appeals in Summary Proceedings in the Probate Court.

Section 800 of the Code of 1886 provides for an appeal to the circuit court or Supreme Court. The same provision is found in the Code of 1896, section 3379; Code of 1907, section 5437; Code of 1923, section 9599; Code of 1940, section 308, Title 13, and also section 455, Title 13.

### Unlawful Detainer.

Unlawful detainer suits are subject to removal to the circuit court or court of like jurisdiction, Code of 1940, section 987, Title 7, Code, but the appeal is to the circuit court. Section 984, Title 7, Code.

### Other Statutory Provisions.

The Code of 1940, section 229, subd. 3, Title 13, makes it the duty of the solicitor to prosecute or defend any civil action in the circuit court in which the State is interested. Quaere: Does this requirement extend to the law and equity court?

Section 248, Title 29, Code of 1940, provides for the condemnation of all automobiles carrying liquor by proceedings in the circuit court in equity. No mention is made as to other courts. This Court held that the Law and Equity Court of Franklin County had jurisdiction under that statute to entertain such a proceeding. Thompson v. State ex rel. Key, 247 Ala. 585, 25 So.2d 671.

We find in section 272, Title 51, Code, an appeal is provided to be taken to the circuit court in equity from the decree of the probate court ordering the sale of land for taxes. Acts 1935, page 256.

Section 20, Title 34, Code, gives to circuit courts in equity power to render divorce decrees. This power is statutory and limited. It says nothing about any other court having equity jurisdiction. The Law and Equity Court of Franklin County has been held to have such jurisdiction under that statute. Ex parte Johnson, 238 Ala. 584, 192 So. 508.

There are some other applicable provisions of the Code of 1940: section 63, Title 61, provides for a transfer of will contests to the circuit court without mentioning any other court. Quaere: Does that include the Law and Equity Court of Chilton County? Section 64, Title 61, provides for the contest of a will, which has been probated, by a bill in equity in the circuit court, does that include the Law and Equity Court of Chilton County? (Quaere.)

It is our province to determine what the legislature meant in providing an appeal to the circuit court in equity of the county of the residence of the taxpayer, and whether or not the legislature meant to be definite in confining the appeal to the circuit court in equity only. The legislative intent is not necessarily the same in respect to all such collateral questions. The answer to one need not be controlling as to the others.

We are interested to know why as to appeals taken from assessments made by the State Department of Revenue under

section 140, Title 51, Code, and as to those provided for in section 272, Title 51, Code, the statutes are specific to say they are to the circuit court in equity (not at law).

We come now to the history of the legislation regulating appeals from the State Department of Revenue or the State Tax Commission, its predecessor.

### Franchise Tax on Carriers: Foreign Corporations.

The Act of 1907 (General Acts 1907, page 350) provides for an appeal from the assessment by the State Tax Commission taken by the carrier to the circuit court or court of like jurisdiction. The Code of 1907, section 2378, has the same provision.

An appeal from the assessment by the State Tax Commission of the franchise tax on foreign corporations is provided for by the Act of 1927 (General Acts 1927, page 181, section 66) to be taken to the Circuit Court of Montgomery County sitting in equity. Attention is here called to the fact that this seems to be the first provision requiring appeals to be taken to the circuit court in equity.

The same provision occurs in the General Revenue Act of 1935 (General Acts 1935, page 394, section 334), where such an appeal was authorized to be taken. This section of the Act was not brought forward into the Code of 1940. It is now controlled by section 140, Title 51, supra.

Section 140, Title 51, Code, was first enacted in 1935 (see, General Acts 1935, page 307, section 103), and amended in 1936 (see, General Acts 1936, page 172, section 1). The amendment did not affect the question with which we are concerned.

We venture the suggestion that the reason for making a distinction between appeals from ad valorem assessments and those made by the Department of Revenue is in the fact the legislature recognized the right of the taxpayer to have his land valued by a local jury, for when the appeal is taken to the circuit court at law a jury trial exists on demand as of right. Whereas, we believe it to be the purpose in enacting section 140, Title 51, supra, and certain other provisions providing for

appeals in tax matters to be made to the circuit court in equity, that the legislature was desirous of relieving the trial on such appeals from the burden of a jury and other local influences.

The opinion of the majority would justify an appeal to a law and equity court of Montgomery County, if such a court should be created. I do not think such was the legislative intent. I believe if we should hold that the appeal may be taken to the Law and Equity Court of Chilton County we would not carry out the intent of the legislature with respect to the trial of such cases.

LIVINGSTON, J., concurs in the foregoing dissent.