222 So.2d 696

Ann S. FITTS

v.

Frank FITTS, Jr.

6 Div. 603–A.

Supreme Court of Alabama.

May 8, 1969.

Zeanah & Donald, Tuscaloosa, for petitioner.

Sam Phelps, Tuscaloosa, for respondent.

HARWOOD, Justice.

On 8 May 1968, Hon. James D. Buck, Judge of the Circuit Court of Tuscaloosa County, Alabama, in Equity, entered a decree of divorce in a proceedings wherein Frank Fitts, Jr., was the complainant, and Ann S. Fitts was the respondent. The divorce was granted on the grounds of cruelty.

The decree provided that the bonds of matrimony existing between the parties " * * * *be, and the same hereby are, dissolved, and the said Frank Fitts, Jr., is forever divorced from the said Ann S. Fitts,* for and on account of actual violence committed upon the person of the complainant * * * " (Italics ours.)

The decree contained the usual provision that both parties were permitted to again contract marriage "but not until sixty (60) days from the rendition of this decree, except to each other; and if an appeal is taken within sixty (60) days from the date hereof, neither the complainant nor the respondent shall marry again, except to each other, during the pendency of this appeal."

The decree next awarded to the respondent wife the sum of $3,000 as permanent alimony in gross, payable in monthly installments of $200 per month, and also the interest of the complainant in an automobile then in the possession of the respondent.

A further paragraph of the decree reads:

"IT IS THE FURTHER ORDER, JUDGMENT AND DECREE of the Court that the respondent Ann. S. Fitts be, and hereby is, ordered and directed to vacate within forty-five (45) days from the date of this Decree the home owned by the complainant Frank Fitts, Jr., in which the respondent Ann S. Fitts is currently residing, said home being located at No. 17 Country Club Road, Tuscaloosa, Alabama, and the said Ann S. Fitts is further ordered and directed to remove from said home and the premises thereof all of her personal belongings and to leave all household furnishings and other items belonging to the complainant Frank Fitts, Jr.; the Court taking cognizance of the evidence in this case that the respondent Ann S. Fitts is the owner of a home located in Tuscaloosa, Alabama, in which she resided prior to her marriage to the complainant Frank Fitts, Jr., on, to-wit: 18 February 1966."

On 26 June 1968, Ann S. Fitts duly perfected an appeal to this court from the foregoing divorce decree and filed security for costs of appeal to this court. 283 Ala. 369, 217 So.2d 81.

More than 45 days after the divorce decree the complainant in the divorce proceedings, Frank Fitts, Jr., filed in the Circuit Court of Tuscaloosa County, in Equity, a petition that an order be issued to Ann S. Fitts to show cause why she should not be held in contempt of court because of her failure or refusal to obey that part of the decree relating to her vacating the house owned by Frank Fitts, Jr.

A rule nisi was issued to Ann S. Fitts pursuant to this petition, a hearing to be had on 15 October 1968. On that day the matter was submitted on a stipulation of facts.

These facts show that Ann S. Fitts was still occupying the house at the time of the hearing; that the divorce decree had been appealed and was pending in this court at the time of the contempt proceedings; and that Ann S. Fitts had rented her house at the time she moved into the house of her then husband, and her house was rented at the time of the contempt hearing.

Three days later, on 18 October 1968, Judge Buck entered a decree and order adjudging Ann S. Fitts in contempt of court for failure to comply with the provision contained in the divorce decree requiring her to vacate the house owned by Frank Fitts, Jr.

The court further decreed that Ann S. Fitts could purge herself of contempt by complying with the terms of the divorce decree by vacating the home of Frank Fitts, Jr., removing her personal belongings therefrom, and turning the keys to said house over to the Register of said court on or before 12:00 o'clock noon, 30 October 1968.

It was further decreed that for each day following 12:00 o'clock noon, 30 October 1968, that Ann S. Fitts remained in the home of Frank Fitts, Jr., "she shall remain in contempt of court, and shall be, and is, fined the sum of $100 per day, to be had and recovered of Ann S. Fitts by the complainant, for which execution may issue."

From this order, Ann S. Fitts has perfected this review by certiorari.

Counsel for appellant contends that the order and decree in the present contempt proceedings is erroneous for that:

(1) The decree rendered in the divorce proceedings was inoperative for sixty days after rendition, or if appealed during pendency of the appeal because

the decree itself provided, as required by Section 38, Title 34, Code of Alabama 1940, that neither party could contract marriage, except to each other, for 60 days from the rendition of the decree, or if an appeal be taken neither party could remarry during the pendency of the appeal except to each other, and

(2) An appeal having been taken from the divorce decree prior to the contempt proceedings, the lower court was thereby divested of jurisdiction of the cause, such jurisdiction having been placed in this court by the perfection of the appeal.

## 1. Operative Effect of the Divorce Decree

Section 20, Title 34, Code of Alabama 1940, confers upon circuit courts in equity the power to divorce persons from the bonds of matrimony. Divorces granted under this power are divorces a vinculo matrimonii, that is, full divorces.

Under Section 36 of Title 34, the court is also empowered to grant divorces from bed and board (divorces a mensa et thoro) on the same grounds as required for a full divorce.

■ These are the only two types of divorces authorized under our statutes. No authority exists to grant a nisi or interlocutory decree of divorce as may be done under the statutes of some states.

Section 38, Title 34, Code of Alabama 1940, provides:

"When a decree has been rendered granting a divorce in this state, the court shall decree that neither party shall again marry except to each other until sixty days after decree rendered, and if an appeal is taken within sixty days, neither party shall again marry except to each other during the pendency of said appeal."

In view of the full divorce authorized by Section 20, Title 34, an invitation to confusion is readily created by Section 38, supra.

In Vance v. State, 19 Ala.App. 352, 97 So. 231, the appellant had been adjudged guilty of bigamy, he having remarried in this state prior to the sixty day period during which he was prohibited from remarrying except to his former wife. The defense sought to be interposed in the lower court was the divorce the appellant had obtained prior to his marriage. The lower court sustained the state's objection to the introduction of the divorce decree. The Court of Appeals concluded this ruling was error and reversed the judgment, holding the decree of divorce to be a complete answer to the indictment.

The opinion by the late Presiding Judge Bricken states, among other things:

"* * * Minnie Vance (appellant's former wife) was not the wife of this defendant at the time he contracted the marriage with the woman named in the indictment * * * The mere fact that the defendant failed to abide some of the terms or provisions of the decree awarded him cannot avail the state in a prosecution of this character. He may have been upon proper proceedings adjudged in contempt of court * * * but under no conditions can it be said that his failure or omission to abide certain terms or provisions of the decree resulted in again reuniting him with Minnie Vance in the bonds of matrimony, or, in other words, by such conduct she again became his wife. The very terms of the decree refute this proposition * * * It stands to reason that if Minnie Vance was still his wife during that period (60 days from rendition of decree) * * * there would be no necessity for him to marry her." (Pars. ours.)

On certiorari to this court the above cogent observations of Judge Bricken were ignored.

This court held that Section 38, Title 34, (then Section 3811, Code of 1907) must be read and construed in connection with Sections 47 and 48 of Title 14, Code of Ala-

bama 1940, (then Sections 6389 and 6390, Code of 1907).

Section 47 defines bigamy, and Section 48 provides that Section 47 does not apply to any person who prior to a second marriage has procured a decree dissolving the first marriage and allowing him the privilege of marrying again.

By conjoining the bigamy statutes with Section 38, Title 34, Code of Alabama 1940, (remarriage not permitted during specified period), this court reached the conclusion that the judgment of the Court of Appeals was erroneous and reversed the same. In the course of the opinion reversing the Court of Appeals, Miller, J., wrote:

> "The decree of divorce is inoperative until 60 days after it was rendered, and if an appeal from it was taken within 60 days it was inoperative until the appeal was dismissed or affirmed."

A similar situation was before this court in Brand v. State, 242 Ala. 15, 6 So.2d 446. The background of this case shows that two decrees of divorce were granted by the Law and Equity Court of Franklin County. The next day the formerly married couples drove to Mississippi where marriage ceremonies were entered into between the former diverse spouses, the result of which was a husband and wife swapping situation. Immediately, they returned to their domiciles in Franklin County where they lived as husband and wife. The Judge of the Law and Equity Court, within thirty days of the rendition of the divorce decrees, entered orders setting aside the divorce decrees on the ground that the decrees had been obtained through collusion, and the court had been "used for a fraudulent wife swapping scheme contrary to public policy, contrary to law and contrary to the principles of equity." The judge further stated he was aware of the marriage ceremonies in Mississippi.

A mandamus petition was filed in this court to compel the lower court to set aside its orders annulling the divorce decrees. This petition was denied, the court holding that the lower court had the power ex mero motu to set aside the decrees within 30 days of their rendition. Ex parte Johnson, 238 Ala. 584, 192 So. 508.

Brand, one of the participating spouses was later indicted and convicted of bigamy. On appeal, the Court of Appeals reversed the judgment of conviction on the grounds that the marriages being lawful in Mississippi, must be deemed lawful in Alabama.

Again, this court reversed the Court of Appeals on certiorari, holding that the decrees had been annulled within 30 days; that the attempted Mississippi marriages were entered into in an effort to evade and thwart the public policy of this state and therefore due no recognition, and further that under Vance v. State, supra, the decrees of divorce were inoperative for sixty days after rendition, and if an appeal be taken were inoperative pending the disposition of the appeal and stated: "The commonly understood meaning of the word 'inoperative' is that a thing is not in effect."

Counsel for appellant contends that the language used in *Vance* and *Brand*, supra, which were bigamy cases, must be applied to divorce decrees in every situation, that is, that a divorce decree is not operative for the time specified for remarriage of the parties.

The effect of such construction would be to turn a full divorce decree into an interlocutory decree of divorce during the time specified in which the parties were not to marry again, except to each other. Interlocutory decrees of divorce are not authorized in this state.

*Vance* and *Brand*, supra, by jointure of our bigamy statutes with Section 38, Title 34, did by such shotgun nuptials, arrive at the conclusion that a marriage by a divorced party within the specified time would support a bigamy conviction. We are unwilling to extend the doctrine of those cases relative to the operative effect of a divorce decree to a situation where there is no statute to be joined with the divorce statute. As stated in Smith v.

Goldsmith, 223 Ala. 155, 134 So. 651, which involved the operative effect of a divorce decree: "It is to be noted in the first place that the divorce is absolute, and statutory or decretal· restrictions aside, both parties would be free to again contract marriage."

■ Ordinarily a divorce a vinculo matrimonii terminates the marriage relation as effectively as the death of either party. Ex parte Jones, 249 Ala. 386, 31 So.2d 314.

■ We hold therefore that under the facts of the present case, which does not involve any remarriage, or potential bigamy, the decree of divorce was operative from the moment of its rendition. The statute authorizing courts of equity to grant divorces, and the terms of the decree itself necessitate such conclusion.

2. *As to jurisdiction of lower courts in these contempt proceedings in view of prior perfection of appeal in the divorce case.*

In the appeal in the divorce case the respondent-appellant filed only security for costs. No supersedeas bond was filed. The decree encompassed the possession of real estate.

■ The following excerpt from Ryan v. Ryan, 267 Ala. 677, at page 682, 104 So.2d 700, we consider decisive of the point now under consideration.

"An appeal from a final decree of a court of chancery is matter of right if the party appealing gives security for the costs of appeal. An appeal taken in this mode does not operate a divestiture or suspension of the authority of the court to proceed in the execution of the decree. Whatever measures are necessary for the execution of the decree, it is the duty of the court, on the application of a party in interest, to pursue, as if the appeal had not been taken. If, in this respect, it is intended to stay the authority of the court, the statutes require that bond with security, with penalty and conditions adapted to the char-

acter of the decree, known and recognized as a 'supersedeas bond,' be given." (Citations omitted.)

Reinforcing the principle above enunciated, it is to be noted that Section 794, Title 7, Code of Alabama 1940, provides among other things in reference to appeals that if the judgment be for the recovery of property, real or personal, or the possession thereof, and the party wishes to supersede such judgment, he must execute a bond, payable to the Register, in such sum as the judge may in writing prescribe, to pay all costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree.

Counsel for appellant has requested that we award this appellant reasonable attorneys' fees for legal representation in the contempt proceedings and on this review.

■ When the contempt proceedings were filed, the appellant was not the wife of Frank Fitts, Jr., the divorce decree having already been rendered. One who is not a wife is not entitled to an allowance for solicitors' fees. Torme v. Torme, 251 Ala. 521, 38 So.2d 497. Of course where a court has continuing power to modify alimony, it may allow solicitors' fees in such proceedings in appropriate cases. Jordan v. Jordan, 266 Ala. 386, 96 So.2d 809.

The present proceedings were only to determine whether the appellant was, by her conduct in disobeying the order of the court, in contempt of the court.

■ The stipulated facts disclose a contumacious disobedience by the appellant of the terms of the decree. The propriety of the allowance of solicitors' fees even in those cases where permitted depends upon good faith and the probability of success. Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654. Both elements appear to be lacking in this case.

■ We find no basis for rewarding the appellant by allowance of solicitors' fees

to her in view of her disobedience of the clear mandate of the divorce decree.

The decree here reviewed is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.