[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10785
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00632-CG-N

DAVID GLENN MORRIS,

                                                    Plaintiff-Appellant,

versus

SOUTHERN INTERMODAL XPRESS,
ASSURANT EMPLOYEE BENEFITS,
UNION SECURITY INSURANCE COMPANY,

                                                    Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 4, 2018)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

David Morris, proceeding *pro se*, filed this federal civil action to recover benefits allegedly due him under a life-insurance policy governed by the Employee Retirement Income Security Act ("ERISA"). Morris sued both Southern Intermodal Xpress ("SIX"), which offered the policy to its employees, and Union Security Insurance Company ("Union"), which issued the policy and then denied Morris benefits under the trade name Assurant Employee Benefits. The district court liberally construed his complaint as bringing a claim for wrongful denial of benefits under an ERISA plan, pursuant to 29 U.S.C. § 1132(a)(1)(B); dismissed the complaint as to SIX for lack of a connection to the decision to deny benefits; and then granted summary judgment in favor of Union on the merits of Morris's claim. Morris now appeals. After careful review, we affirm.

## I.

Morris was insured under a group term-life-insurance policy offered by his employer, SIX, and issued by Union. The policy insured Morris's life and also provided dependent life-insurance benefits. Dependent insurance extended to "eligible dependents," which the policy defined as a "lawful spouse" and certain children. Dependent insurance ended if, among other things, a dependent was "no longer eligible." Morris was married at the time he became insured, but he divorced on September 24, 2015. Nearly two months later, his ex-wife died.

2

After his ex-wife's death, Morris filed a claim for dependent life-insurance benefits under the policy. Union denied the claim because, in its view, dependent coverage ended as of the date of divorce. At the time of her death, according to Union, Morris's ex-wife was not his lawful spouse and so was not an eligible dependent under the policy. Union denied Morris's appeal.

Morris then sued both SIX and Union "pursuant to . . . ERISA," demanding payment of the "death beneficiary proceeds" related to his ex-wife's death. He claimed that he was entitled to benefits as the "named beneficiary." He attached to his complaint a copy of the policy and a letter from Union denying his appeal.

SIX moved to dismiss the complaint for failure to state a claim. SIX argued that it could not be held responsible for wrongful denial of benefits because, as the documents Morris submitted with his complaint demonstrated, it had no role in denying benefits. Rather, SIX asserted, Morris's claim was against Union alone. Union filed an answer and then moved for summary judgment.

Morris's complaint did not identify a specific ERISA provision as the basis for his claim. But given his allegations that he was wrongfully denied benefits under an "ERISA policy," the district court liberally construed his complaint as raising a claim under 29 U.S.C. § 1132(a)(1)(B), which authorizes an ERISA-plan "participant or beneficiary" to sue "to recover benefits due to him under the terms

of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

The district court then granted SIX's motion to dismiss, but it did so without prejudice to Morris's ability to file an amended complaint demonstrating SIX's connection to the alleged wrongful denial of benefits. Morris did not file an amended complaint. Later, the district court granted summary judgment to Union, determining that Union correctly denied the claim under the terms of the life-insurance policy. The court reasoned that dependent life-insurance coverage for Morris's ex-wife had ended before her death because she was no longer his "lawful spouse" as of the date of divorce. Morris now appeals.

## II.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009), as well as the grant of a motion for summary judgment, *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006).

## III.

Morris argues that the district court erred in forcing him to proceed under 29 U.S.C. § 1132(a)(1)(B), that he stated a plausible claim against SIX because SIX offered the policy under which, in Morris's view, benefits were owed, and that the

4

court erred by failing to compel SIX to pay dependent benefits following the death of his ex-wife.  We disagree with each of these arguments.

**A.**

First, the district court did not err by liberally construing Morris's complaint to raise a claim under 29 U.S.C. § 1132(a)(1)(B).  That provision of ERISA authorizes a participant in or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).  Because Morris filed suit "pursuant to . . . ERISA" to recover "death beneficiary proceeds" he claimed were owed under an "ERISA policy," the district court properly construed his claim as one "to recover benefits due to him under the terms of his plan" under § 1132(a)(1)(B).  Morris cites no alternative ERISA provision he could have proceeded under, nor does he explain why he believes he was prejudiced by the district court's construction.

Furthermore, any state-law claim that Morris's complaint may have raised was preempted by § 1132(a).  That provision exerts a strong preemptive power that converts state-law claims into federal ERISA claims.  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009).  Morris suggests that he has a claim for breach of contract against SIX, but that claim is preempted because he could have brought it under § 1132(a), and its resolution depends upon the interpretation of provisions contained within his ERISA policy.  *See id.* at 1344–

45. Accordingly, the district court correctly found that Morris's sole claim was one under § 1132(a)(1)(B).

## B.

Second, the district court did not err by dismissing the complaint for failure to state a claim against SIX, Morris's employer. The court concluded that SIX was not liable under § 1132(a) because nothing in the complaint indicated that the denial of benefits was caused by any impropriety on SIX's part. The court noted that the policy itself gave Union "sole discretionary authority" over the benefits decision, that Union alone issued the decision denying Morris's claim for benefits and his appeal based on its interpretation of the policy, and that Morris had not alleged any impropriety in SIX's handling of the claim paperwork before Union made its decision. The court therefore concluded that any improper denial of benefits was attributable to Union, not to SIX. Morris does not identify any specific problem with the court's reasoning, and we find that it is consistent with our precedent. *See Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824–25 (11th Cir. 2001); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193–94 (11th Cir. 1992); *see also Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 907–08 (11th Cir. 1997).

Furthermore, Morris is incorrect that the district court did not give him a chance to amend his complaint before dismissal. While the court dismissed his complaint against SIX, it did so without prejudice and with leave to file an amended

6

complaint. Morris did not so do. Accordingly, the district court did not err in granting SIX's motion to dismiss.

## C.

In any event, even if we assume that the district court erred by dismissing SIX from the lawsuit, the error was harmless. In granting summary judgment to Union on the merits of Morris's claim for unpaid benefits, the district court determined that Union correctly denied benefits under the terms of the life insurance policy. Morris's claim against SIX is based solely on those same policy terms, not on any specific or additional wrongdoing by SIX. For that reason, if the court is correct that Morris's claim failed against Union, that means that his claim also fails against SIX.

When reviewing the denial of benefits under an ERISA plan, we first consider whether, applying *de novo* review, the decision to deny benefits was the correct one. *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010). If we agree that the decision was correct, we "end the inquiry and affirm the decision." *Id.* If we find that the decision was incorrect, we may apply more deferential standards depending on whether the decision was discretionary and whether the decision maker operated under a conflict of interest. *See id.*

Here, we agree with the district court that Union's decision to deny benefits was the correct one under the terms of Morris's life-insurance policy. Morris's policy provided coverage to "eligible dependent[s]," which included a "lawful

spouse."  Coverage ended if a dependent was no longer "eligible."  It follows that, because Morris's ex-wife was not his "lawful spouse" as of the date of their divorce, she ceased to be an "eligible" dependent as of that same date.  *See Killough v. Flowers*, 843 So. 2d 770, 773 (Ala. Civ. App. 2002) (stating that "a trial court's divorce judgment completely and finally dissolves the marital relationship between husband and wife on the date of its entry" (quotation marks omitted)).  So, by the time of Morris's ex-wife's death nearly two months later, any dependent coverage had ended.  Morris's assertion that he is a "named beneficiary"—in the sense that he may have been entitled to benefits notwithstanding the divorce—finds no support in the language of the policy.

Because Union's decision to deny benefits was *de novo* correct, we "end the inquiry and affirm the decision."  *Capone*, 592 F.3d at 1195.

## IV.

For these reasons, we affirm the district court's judgment against Morris on his claim for unpaid benefits under an ERISA plan.

**AFFIRMED.**